# TAB 13

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 00 CR 75 C |
| | ) |
| ROBERT MARK KIRK, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America and the defendant, ROBERT MARK KIRK, in person and through counsel, ~~Dan O. Guthrie, Jr.~~, *Jeffery E. Carlson*, respectfully inform the Court that they have reached the following plea agreement:

### (A)   DEFENDANT'S OBLIGATIONS

#### (1)   Plea

The defendant agrees to enter a voluntary plea of guilty to the following:

COUNT ONE – 26 U.S.C. § 7206(1)

as set forth in the Information in cause number 00-CR-75-C, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which he is pleading guilty.

#### (2)   Waiver of Constitutional Rights

(a)   The defendant understands that by pleading guilty he will be giving up the following constitutional rights: the right to be indicted if proceeding by Information, the right to plead not guilty, the right to be tried by a jury, or if the defendant wishes and with the consent of the

1.

_____

Defendant's Initials

government, to be tried by a judge. At that trial, the defendant would have the right to an attorney and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. The defendant would have the right to assist in the selection of the jury. During the trial, the defendant would be presumed innocent and a jury would be instructed that the burden of proof is on the government to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict. The defendant would have the right to confront and cross-examine witnesses against the defendant. If the defendant wishes, the defendant could testify on his own behalf and present witnesses in his defense. On the other hand, if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed. If the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges. By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to him by the Court both about the rights that the defendant will be giving up and the factual basis for the defendant's plea. Any statements made by the defendant during such a hearing are not, in any civil or criminal proceeding, admissible against the defendant except as provided in Federal Rules of Criminal Procedure 11(e)(6).

       **(b)**     The defendant understands that a sentencing guideline range for this case will be determined by the Court in accordance with the Sentencing Reform Act of 1984. The defendant understands that the Court has jurisdiction to impose any sentence within the statutory maximum for the offense to which defendant is pleading guilty, as set forth herein. The defendant further understands that Title 18, United States Code, Section 3742 gives the defendant the right to appeal the sentence imposed by the Court. Acknowledging all this, the defendant knowingly and voluntarily waives his right to appeal any sentence

2

Defendant's Initials

imposed by the Court and the manner in which the sentence is determined, so long as the sentence is within the statutory maximum. This agreement does not affect the appellate rights of the United States, as set forth in Title 18, United States Code, Section 3742(b).

### (3) Restitution

The Court can order the defendant to pay restitution for the full loss caused by his conduct set forth above. The defendant agrees the Court's consideration of the amount of restitution shall NOT be limited to the amounts alleged in the count(s) to which the defendant is pleading guilty, and may include all amounts of loss caused by his acts pursuant to Title 18, U.S.C., § 3663. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

If the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

### (4) Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($50 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

### (5) Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in order to convict under Title 26, United States Code, Section 7206(1) are as follows:

1. The defendant made and subscribed a return, statement, or other document that was false as to a material matter, as detailed in the Information;

2. The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

3

Defendant's Initials

3. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and

4. The defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

United States v. Bishop, 412 U.S. 346, 350 (1973); United States v. Brown, 446 F.2d 1119 (10ᵗʰ Cir. 1971).

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(f), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, ROBERT MARK KIRK, admits that he knowingly, willfully, and intentionally committed or caused to be committed the acts constituting the crime alleged in Count 1 in Case No. 00-CR-75-C and confesses to the Court that he is in fact guilty of such crime.

> I, ROBERT MARK KIRK, admit that I, on or about April 15, 1994, in the Northern District of Oklahoma, did knowingly and willfully make and subscribe, under penalties of perjury, and did file with the Internal Revenue Service, a false U.S. Individual Income Tax Return (Form 1040) for the year 1993 that materially under reported my total income, my taxable income, and the total tax due and owing to the Internal Revenue Service, in that I signed in, and presented to the Internal Revenue Service from, Owasso and Tulsa, Oklahoma, a false 1993 income tax return containing a written declaration that the return was made under penalties of perjury, in which I falsely omitted a substantial portion of the income I received from Datalink Electronics Corporation (Datalink) during 1993. The omitted income was deposited by Datalink to a bank account in my name in Grand Cayman Island, British West Indies, and repatriated to the United States through cash withdrawals/advances and personal expenses charged on a credit card issued in my name. The aggregate tax loss to the United

4

Defendant's Initials

States respecting my 1992-1998 income tax returns for criminal purposes is between $13,500 and $23,500.

ROBERT MARK KIRK, Defendant

Date 5/24/01

(6)     **Cooperation**

(a)     The defendant agrees to cooperate fully with the United States Government and all of its various departments and agencies on the continuing investigation into the defendant's alleged criminal conduct. More particularly, the defendant agrees to complete disclosure of all information he has, has access to, or which becomes available to him, and agrees to provide complete assistance and truthful testimony in any and all matters of alleged criminal conduct which arise out of this investigation. The defendant hereby agrees to cooperate fully with inquiries, whether criminal or civil in nature, made by or on behalf of any federal law enforcement or regulatory agency, department or board. In this connection, the defendant agrees to make himself available to federal authorities for interviews as and when reasonably requested by them. The defendant shall cooperate, providing truthful, complete, and forthright information whenever, wherever, to whomever, and in whatever form an attorney or investigator from the government requests. The term "whatever form" includes, but is not limited to, oral responses to questions; sworn written statements; interrogatories; sworn testimony before a grand jury; sworn testimony in court; and documentary materials. The term "whomever" includes, federal law enforcement agencies, the United States District Court, and any duly empaneled federal grand juries. The defendant agrees to undergo complete debriefing, and further agrees to undergo a complete polygraph examination into all of the defendant's criminal activities, conducted by a polygrapher chosen at the unilateral option of the government.

5                                                              Defendant's Initials

(b) The government defines "cooperation" to require complete, candid, and absolutely truthful disclosures by the defendant in response to any and all questions or inquiries that may be put to him in connection with such interviews with law enforcement personnel, before any grand jury, or at any trial or related hearing. Full cooperation also includes following the directions of law enforcement officers in pursuing and gathering evidence in investigations of such alleged criminal conduct in connection with which the defendant is assisting, and not doing anything to compromise such investigations. It is further acknowledged that the government, acting in good faith, has the sole unilateral discretion to determine whether the defendant is providing "cooperation" as defined above. The defendant further agrees to tender forthwith any and all records which he has, or to which he has access, which have a bearing upon his criminal activity.

(c) A Section 5K1.1 motion for reduction of sentence is not contemplated by this agreement and any cooperation provided pursuant to this agreement is given as consideration for the express terms of this agreement without benefit of a potential motion for downward departure based on substantial assistance.

### (B) THE GOVERNMENT'S OBLIGATIONS

Only if the defendant fully satisfies his obligations outlined in this plea agreement, the government agrees it shall not initiate additional criminal charges against the defendant or his wife, Karen S. Kirk, in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, are known to the government and arise from its investigation of the defendant's actions and conduct giving rise to the instant Information. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below and that this Office is free to prosecute

6

Defendant's Initials

the defendant or Karen S. Kirk for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government during its investigation or occurring after the date of this agreement. The defendant further understands that this plea agreement is subject to the approval of the U.S. Department of Justice, Tax Division, and the U.S. Attorney's Office in the Northern District of Oklahoma.

(C)  **SENTENCE**

    (1)  **Statutory**

The defendant acknowledges that the maximum statutory sentence under Title 26, United States Code, Section 7206(1), the charge to which the defendant is pleading guilty, is three (3) years, and/or a fine in the amount of $250,000.00, together with the costs of prosecution.

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed one (1) year.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in Title 18, United States Code, Section 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, if the crime of conviction occurred after September 13, 1994, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release

7

Defendant's Initials

(18 U.S.C. § 3583(e) and (h)).  If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to Title 18, United States Code, Section 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

   (2)   **Guidelines**

   The defendant is aware that the sentence to be imposed shall be in conformity with the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, and that a sentence imposed under the Guidelines is without parole.  The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum.  The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court (Sentencing Guidelines § 6B1.4(d)).  The Court will impose a sentence within the appropriate guideline range, unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

8

Defendant's Initials

If the sentencing court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, but will remain bound to fulfill all of his obligations under this agreement.

Nothing in the plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence and the defendant's criminal history category that are available to the United States at the time of sentencing. The United States reserves its full right of allocution pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

THE DEFENDANT FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENC-ING JUDGE. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE.

(3) **Stipulations**

Pursuant to Sentencing Guidelines § 6B1.4, the defendant and the United States agree and stipulate as follows:

The parties stipulate for purposes of U.S.S.G. § 2T4.1 that the "tax loss" is between $13,500 and $23,500.

The parties stipulate that the base offense level should be increased by 2 levels for "sophisticated means" (U.S.S.G. § 2T1.1(b)(2)), that the Government will not seek application of any other enhancement, and that the defendant will not seek a downward departure.

The defendant agrees to make restitution to the Internal Revenue Service in an amount to be determined by the Court, and to cooperate with the Internal Revenue Service in preparing and filing true and correct amended income tax returns for 1992-1998, in determining

9

Defendant's Initials

accurately his tax liabilities for said years, and in paying all taxes, interest, and penalties (including any fraud penalties) due to the United States.

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. If applicable, the United States agrees to recommend that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2). The sentencing judge is in a unique position to evaluate the acceptance of responsibility and his determination will provide the final approval or disapproval of any Section 3E1.1 level reduction for timely acceptance of responsibility.

Pursuant to Sentencing Guidelines § 6B1.4(d), it is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct sentencing guidelines to apply to the facts.

Having been fully apprised by his attorney of his right to seek compensation pursuant to Public Law 105-119, the defendant WAIVES any and all such right, and stipulates that he is not a "prevailing party" in connection with this case.

**(D)    LIMITATIONS**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds, or otherwise affects the rights, powers, duties, or obligations of any state or local law enforcement agency, administrative or regulatory authorities, or civil, administrative enforcement, collection, bankruptcy, or adversary proceedings or suits that have been or may be filed by any governmental entity including, without

10

Defendant's Initials

limitation, the Internal Revenue Service, the Tax Division of the Department of Justice, and a trustee in bankruptcy.

(E)   BREACH OF AGREEMENT

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby WAIVES all Rule 32(e), Fed. R. Crim. P., rights to withdraw from his plea and this agreement, save and except for the limited reasons outlined above in this paragraph.

In the event that the defendant, after entry of a plea of guilty, unsuccessfully attempts to withdraw his plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any provision in this agreement regarding acceptance of responsibility, or a substantial assistance Section 5K1.1 motion, if such provisions are included herein. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

(F)   **CONCLUSION**

No agreements, representations, or understandings have been made between the parties in this

11

Defendant's Initials

case, other than those which are explicitly set forth in this Plea Agreement, and none will be entered

into unless executed in writing and signed by all the parties.

SO AGREED:

STEPHEN C. LEWIS
UNITED STATES ATTORNEY


Scott W. Putney
Assistant United States Attorney

DATED    5/31/2000


Dan C. Guthrie Jr. Jeffery E. Carlson
Attorney for Defendant

DATED  31 May 2000


ROBERT MARK KIRK
Defendant

DATED    5/24/00


    I have read this agreement and carefully reviewed every part of it with my attorney. I

understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully

understand my rights with respect to the provisions of the Sentencing Guidelines which may apply

to my case. No other promises or inducements have been made to me, other than those contained

12

Defendant's Initials

in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     DATED_____5/26/00_____
ROBERT MARK KIRK
Defendant

I am ROBERT MARK KIRK's attorney. I have carefully reviewed every part of this agreement with my client. Further, I have reviewed with my client the provisions of the Sentencing Guidelines which may apply in this case. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____     DATED___31 May 2000___
Del C. Guthrie, Jr. Jeffery E. Carlson
Counsel for Defendant

N:\udd\eputney\kirk\kirk.PLEA AGREEMENT.mark.wpd

13                                    Defendant's Initials

TAB 14

Copyright 2001 McClatchy Newspapers, Inc.
Sacramento Bee

January 8, 2001, Monday METRO FINAL EDITION

SECTION: METRO;

Pg. B1

LENGTH: 1140 words

HEADLINE: New tax scam makes use of trusts

BYLINE: Denny Walsh Bee Staff Writer

BODY:

Federal authorities say peddlers of tax dodges packaged as legitimate trusts are becoming almost as common in Northern California as bright patches of golden poppies.

Agents and prosecutors say clients are promised huge financial rewards - up to and including total avoidance of taxes - while maintaining control over their income and assets.

People with big incomes, typically on the lookout for tax shelters, are targeted. Usually, they are professional people, often in the health care field.

The most recent Sacramento case involves a Tehama County man who, in a federal grand jury indictment, is accused of elaborate schemes to conceal his clients' income and create false business expenses for them.

The potential tax loss is in the millions, authorities say.

Promoters of illegal domestic and foreign trusts are the "biggest abusers of legal-source income and our top priority in that area of tax evasion," said Rick Speier, who directs the Internal Revenue Service's criminal investigations in the agency's far-flung Pacific Area, which includes California.

"And, for whatever reason, quite a number of them have gravitated to Northern California," he added.

Speier had high praise for the U.S. Attorney's Office in Sacramento for its prosecutions of these modern-day swindlers.

"That office is extremely aggressive in this area," he noted.

The office's five cases have been put together by Benjamin Wagner, chief of the special prosecutions unit, and Robert Twiss, who served several months as U.S. attorney in 1993 and is a former IRS agent.

Wagner and Twiss estimate that the Sacramento cases alone - which represent about 14 percent of recent prosecutions nationwide - are responsible for hundreds of millions of dollars in unpaid taxes.

Overall, Speier estimates, the government is losing billions of dollars.

The most recent case is typical.

A grand jury indictment alleges Neil R. Brown used foreign corporations and trusts to move millions of dollars through the international banking system in a way that was designed to make the source of the funds untraceable.

1

The indictment claims that trusts, corporations and bank accounts were established in countries known as offshore tax havens, where secrecy rules make it difficult to collect financial information.

Brown, 66, has pleaded not guilty.

"There is no clear precedent that makes the use of foreign trusts illegal," said Brown's attorney Bruce Locke. "They can be an important and legitimate part of planning your affairs. We'll leave it up to the jury to decide about Mr. Brown."

While Brown is reputed to have utilized a maze of entities in several countries, he is charged in Sacramento because his home is in the unlikely hamlet of Dairyville, a dot on the map in Tehama County, and he operated a labyrinth of businesses from Red Bluff, the county seat.

According to Twiss, who is prosecuting the case, Brown represented to taxpayers that he previously had worked as an estate planner for the Rockefeller family, as well as for the DuPont and Mellon families. Thus, he assured potential clients, he was familiar with sophisticated tax loopholes that the super-rich routinely take advantage of, Twiss said.

The indictment alleges that between 1993 and November, Brown marketed two illegal tax shelter programs that he claimed had been vetted by the best tax attorneys in the country.

A stream of more than 100 clients, primarily self-employed professionals, beat a path to his office door in Red Bluff during that period, Twiss said.

The first program featured fictitious business consulting expenses for dentists, orthodontists, chiropractors and others who generally operate through a limited-liability or professional-services corporation, and who exclusively control the flow of money through the corporation, the indictment says.

It describes these steps through which Brown led his clients:

A taxpayer formed a trust with himself as the beneficiary and a Brown associate as trustee, then formed a corporation wholly owned by the trust, both in the Bahamas. The client retained control over the trustee's activities.

Next, the corporation opened a bank account in St. Helier, on the Channel Island of Jersey off Great Britain. The client was the only signatory on the account, but there was no paperwork available to U.S. authorities linking the taxpayer to the corporation and its account.

In an interview, Twiss explained the program as it would accommodate a mythical orthodontist doing business as a corporation with $1 million in annual receipts, half of which are paid to the orthodontist as salary:

The orthodontist would go to a "consulting seminar" in the Bahamas, where he would attend a half-dozen 45-minute classes devoted to such subjects as "internal cost controls," "accounts receivable factoring," and "estate and inheritance management."

The Bahamian corporation would bill the professional corporation $300,000 in consulting fees and the money would be deposited in the Jersey bank account. The fees would be deducted as a business expense at a rate of 34 percent, and the orthodontist's professional corporation would realize a reduction in taxes of $100,000.

The $300,000 would then come back to the orthodontist either through a credit card issued on a foreign bank or as a bogus loan.

The credit card bills would be paid by a Brown-controlled entity in Dublin, Ireland, which would be reimbursed with funds transferred from the Jersey bank account. There would be no paper trail to the orthodontist, who would be the actual user of the card.

2

If a nontaxable loan was the vehicle, it would be from the Brown entity in Dublin and would call for a balloon payment after 15 years. It would be funded with money from the Jersey bank account.

Brown charged between $50,000 and $100,000 up front to set the machinery in motion and 6 percent of every transaction involving his entities, Twiss said.

But the program was no longer viable under the terms of a new Irish-American treaty, and starting in 1996, Brown offered a revised and equally convoluted plan, Twiss said.

The revised version revolved around a scam employer-employee relationship between two of Brown's companies as employer and the client as employee.

The IRS is reviewing the tax returns and filing status of Brown's clients, according to Dwight Sparlin, chief of the agency's Criminal Investigation Division in Northern California.

Some clients of promoters such as Brown are dupes, said Speier. As genuine victims, he said, they cannot be prosecuted, but they are still subject to back taxes plus interest, and they wind up paying a lot more than they would have had they just paid their taxes.

"The others understand they are buying into a tax evasion, and we go after them on the criminal side," he said.

LOAD-DATE: January 9, 2001

3

# TAB 14A

1373077.1

Ronald H. Hoevet, OSB #75174
Hoevet & Boise, P.C.
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
(503) 228-0497
Attorney for Defendant



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 03-35-HA |
| ) | |
| Plaintiff, ) | PETITION TO ENTER PLEA |
| ) | OF GUILTY, CERTIFICATE |
| vs. ) | OF COUNSEL, AND ORDER |
| ) | ENTERING PLEA. |
| TERRY L. NEAL, ) | |
| ) | |
| Defendant. ) | |

The defendant represents to the court:

1.     My name is ___Terry L. Neal___ . I am _58_ years old. I have gone to school up to and including ___several years of college,___

2.     My attorney is ___Ron Hoevet___ .

3.     My attorney and I have discussed my case fully. I have received a copy of the Indictment. I have read the Indictment, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: ___A knowing / agreement / with another / to defraud the United States

**Page 1 - PETITION TO ENTER PLEA OF GUILTY**

/ by impeding / through deceitful means / the lawful governmental functions of the IRS in ascertaining taxes.____ I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.

4.    I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.    I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:    __None.__ I have not taken any drugs or medications within the past seven (7) days except as follows:

__Nexium, Vioxx, Protonex, Ambien, Alprazolam, and Ibuprofen._____

6.    I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.    I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

a.    The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

**Page 2 - PETITION TO ENTER PLEA OF GUILTY**

b.      The right to have the assistance of an attorney at all stages of the proceedings;

c.      The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.      The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.      The right not to be compelled to incriminate myself.

8.      I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.      In this case I am pleading "GUILTY" under Rule 11(e)(1)(B). My attorney has explained the effect of my plea under Rule 11(e)(1)(B) to be as follows:

My plea of guilty is under Rule 11(e)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

10.      I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is __five years__ imprisonment and a fine of $__250,000__. I also know there is a mandatory minimum sentence of __-0-__ years imprisonment.

11.      I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $__100.00__ per count of conviction.

12.     I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.     My attorney has discussed with me the Federal Sentencing Guidelines. I know that under the Federal Sentencing Guidelines, the sentencing judge will ordinarily select a sentence from within the guideline range. If, however, a case presents unusual facts or other circumstances, the law permits the judge to depart from the guidelines and impose a sentence either above or below the guideline range. Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range. If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.     I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.     I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised

/ / /

Page 4 - PETITION TO ENTER PLEA OF GUILTY

release can be _2_ to _3_ years. If I violate the conditions of supervised release, I may be sent back to prison for up to _2_ year(s). ·

16.     I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.     On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.     If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19.     If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

/ / /

Page 5 - PETITION TO ENTER PLEA OF GUILTY

20.     My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21.     The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22.     My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.     I hereby request that the judge accept my plea of "GUILTY" to the following count(s):    Guilty to Count One of the Second Superseding Indictment.

24.     I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> In 1999, in the District of Oregon, I knowingly conspired with
> Marty Martin and Joe McDonald to defraud the United States by
> impeding the Internal Revenue Service through deceitful means from
> ascertaining their true and correct tax liability. Martin and McDonald
> told me that they had failed to report capital gains earned offshore in
> Charon Management, Ltd. I had NATCO form Meridian Matrix

Partners as a Nevis IBC. McDonald and Martin transferred funds

from Charon Management to Meridian Matrix. I then caused

Leadenhall Trust Bank in the Bahamas to issue Martin and McDonald

offshore credit cards so that they could spend the unreported capital

gains in the United States without declaring the income. On

December 16, 1999, during the course of and in furtherance of the

conspiracy, I caused the Bank of Montreal in Vancouver, B.C., to

wire transfer $29,752 of Meridian Matrix's funds from the account of

Exchange Bank and Trust to Leadenhall Trust in the Bahamas to pay

the offshore credit card.

25.     I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with

a full understanding of the allegations set forth in the Indictment or Information, and with a full

understanding of the statements set forth in this Petition and in the Certificate of my attorney that

is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all

of the foregoing pages and paragraphs of this Petition on this 12 day of April, 2004.

_____
Terry Neal, Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Terry Neal, hereby certifies:

1.      I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.      I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.      I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this _10th_ day of April, 2004.

Ronald H. Hoevet
Attorney for Defendant

### ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this ___ of April, 2004 in open court.

Judge, U.S. District Court

# TAB 14B

1373077.1

STEVEN A. WILSON, ESQ.
NEVADA BAR NO. 5828
PRO HAC VICE
MICHAEL LEVINE, OSB No. 93142
400 SW Sixth Avenue, Suite 600
Portland, OR 97204
Tel: (503) 546-3927
Fax: (503) 224-3203
Email: MichaelLevineESQ@aol.com
Attorneys for DALE F. BROWN

FILED '04 APR 01 14:31 USDC ORP



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                  **Plaintiff,**

vs.

DALE F. BROWN,

                  **Defendant.**

CR No. 04-81-HA

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA

The defendant represents to the court

1.     My name is Dale F Brown  I am 47 years old  I have gone to school up to and including a four-year college degree

2.     My attorneys are Steven A Wilson, Esq., and Michael Levine, Esq.

3.     My attorneys and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me,

**Page 1  PETITION TO ENTER PLEA OF GUILTY**

and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: One count of willfully signing and filing a false income tax return for the year 1998, 26 U.S.C. §7206(1). The elements of this offense are that the defendant (1) made and subscribed to a tax return that was false as to a material matter; (2) the return contained a written declaration that it was made under the penalty of perjury; (3) the defendant did not believe the return to be true and correct as to every material matter; and (4) the defendant acted willfully when signing the return. I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.    I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely under oath and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.    I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:___ None I have not taken any drugs or medications within the past seven (7) days except as follows: prescriptions for hypertension, high blood sugar and high cholesterol _____

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation or removal from the United States or denial of naturalization if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY," the constitution guarantees me:

a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

b. The right to have the assistance of an attorney at all stages of the proceedings;

c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f. The right not to be compelled to incriminate myself.

8.     I know that if I plead "GUILTY," there will be no trial before either a judge or a jury and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.     In this case I am pleading "GUILTY" under Rule 11(c)(1)(A) and Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:

My plea of guilty is under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.

and the effect of my plea under Rule 11(c)(1)(B) to be as follows:

My plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea.

10.     I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is 3 years' imprisonment and a fine of $250,000.00. There is a term of supervised release of one year.

11.     I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.00 per count of conviction.

12.     I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.     My attorney has discussed with me the Federal Sentencing Guidelines. I know that under the Federal Sentencing Guidelines, the sentencing judge will ordinarily select a sentence from within the guideline range. If, however, a case presents unusual facts or other circumstances, the law permits the judge to depart from the guidelines and impose a sentence either above or below the guideline range. Although most sentences will be imposed within the guideline range, I know that there is no guarantee that my sentence will be within the guideline range. If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.     I know from discussion with my attorney that under the Federal Sentencing Guidelines, if I am sentenced to prison, I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.     I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case,

a term of supervised release can be up to one year(s). If I violate the conditions of supervised release, I may be sent back to prison for up to 1 year(s).

16.     I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.     On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.     If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court, my probation, parole, or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court

19.     If I have another case pending in any state or federal court, I know that my petition and plea agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s) and that I can be faced with consecutive sentences of imprisonment.

20.     My plea of "GUILTY" is based on a plea agreement that I have made with the prosecutor. That plea agreement is attached hereto and incorporated herein. I have read or had read to me the plea agreement, and I understand the plea agreement.

21.     The plea agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state, or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment or probation or any other form of leniency if I plead "GUILTY," except as stated in the plea agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the plea agreement or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22.     My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.     I hereby request that the judge accept my plea of "GUILTY" to the following count(s): Willfully signing and filing a false income tax return for the year 1998, 26 U.S.C. §7206(1).

24.     I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

I am the owner of Target Direct Productions, Inc., an "S" Corporation incorporated in Nevada, through which I conduct business as an author, and other legitimate activities. I paid to have a shell corporation formed in Nevis, W.I. My name was not associated with the Nevis corporation in any public record. Target Direct paid the Nevis for fictitious services that were never provided. Target Direct would wire transfer funds to a bank account in a foreign country to pay the Nevis corporation for the fictitious services. The funds were then at my disposal. Target Direct would deduct these payments as business expenses on its corporate return, thus reducing its taxable income. When I signed Target Direct's tax returns in 1998 through 2001, I knew that those returns contained deductions for the fictitious services

performed by the Nevis corporation, and I knew it was illegal to claim false deductions on my returns.

In 1999, through Target Direct, I purchased a fictitious insurance policy from a purported offshore insurance company in Grenada and deducted the premium as a business expense on Target Direct's corporate return. The funds were sent to the insurance company's foreign bank account in Grenada, and later were transferred to Nevis American Trust Company's foreign bank account and put at my disposal. When I signed Target Direct's 1999 tax return, I knew the funds were returned to Nevis American Trust Company's bank account and that the funds were at my disposal, and were not a legitimate expense item.

Promoters of the offshore scheme provided me with a MasterCard debit card issued by a Caribbean bank. The card had my name on the card, permitting me to use it in the United States to make purchases and cash withdrawals. The account at the issuing bank only had the name of Nevis American Trust Company, the business name of the promoters. Statements were sent to Nevis American Trust Company in Nevis. Monthly payments were made out of my funds held by Nevis American Trust in foreign bank accounts. In this fashion, I was able to spend funds for personal reasons which had been sent offshore to my Nevis corporation, which funds had been deducted from my corporate returns as business expenses.

Once my funds were in a foreign bank account and in the name of the Nevis corporation, I used the funds by making loans to myself and Target Direct from another corporation I had formed in Nevis. In this fashion, I paid off the mortgage on my personal residence, and replaced it with a fictitious mortgage by my Nevis corporation. Payments on this mortgage were transferred through a collection agency to Nevis American Trust Company's account at a foreign bank, and were available for my use. I also deducted the "interest" on the "loan" from my personal taxes. I used the same process to pay for remodeling expenses for a new residence. Also, I created loans from the Nevis corporation to Target Direct from funds I had previously sent offshore and deducted as corporate expenses. Payments on the loan were also routed to foreign bank accounts and were at my disposal, and I deducted the "interest" on these "loans" from the income of Target Direct.

On being contacted by the IRS revenue agent in October of 2002, concerning my foreign bank credit card, Terry Neal and I created a false document intended to justify my foreign bank credit card, and intended to disassociate me from my other foreign corporation, Original Concepts. I submitted this false document and made a sworn statement concerning the false document to the revenue agent.

25.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information and with a full understanding of the statements set forth in this petition and in the certificate of my attorney that is attached to this petition.

SIGNED by me in the presence of my attorney after reading (or having read to me) all of the foregoing pages and paragraphs of this petition on this 25TH day of _MARCH_ , 2004.

DALE F. BROWN
Defendant

**CERTIFICATE OF COUNSEL**

The undersigned, as attorney for defendant Dale F. Brown, hereby certifies:

1.     I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.     I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the petition.

3.     I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.     I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty and any plea agreement on this 23rd day of _____ March _____ , 2004.

_____
Attorney for Defendant
PRO HAC VICE