# TAB 15

Dockets.Justia.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APR 1 2 2004

CLE        ꓲCE
U. ꓲ        ꓲT COURT
Fꓲ    ꓲMICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HERBERT J. GREAVES,

Defendant.

_____/

CRIMINAL NO. *04-80274-1*

VIOLATION: 26 U.S.C. § 7206(1)
Fraudulent and False Tax Returns

STATUTORY MAXIMUM
PENALTIES:
Three (3) years/$250,000 fine

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant, the attorney for the defendant, and the government[1] agree as follows:

1.  <u>Guilty Plea</u>

    A.    The defendant shall enter a plea of guilty to a one count information which alleges that the defendant violated 26 U.S.C. § 7206(1) by willfully signing and filing a false individual income tax return for the year 2000.

    B.    <u>Elements</u>

    The elements of the offense are:

    (1)    the defendant made and subscribed a tax return that was false as to a

        material matter;

---

[1]The word "government" in this agreement refers to the United States Attorney for the Eastern District of Michigan and the U.S. Department of Justice, Tax Division.

(2)    the return contained a written declaration that it was made under the

        penalties of perjury;

(3)    the defendant did not believe the return to be true and correct as to every

        material matter; and

(4)    the defendant acted willfully when signing the return.

C.    <u>Factual Basis</u>

The parties stipulate that had the case proceeded to trial the government was

prepared to prove the following beyond a reasonable doubt:

Defendant is an owner of Greaves, Inc., which operates various businesses,

including a roofing company. For tax years 1999 through 2001, defendant signed and

filed fraudulent individual income tax returns with the Internal Revenue Service that falsely

reported he did not have an interest in a financial account in a foreign country when, in

fact, he had an interest in numerous foreign bank accounts, including an account at

Leadenhall Trust Company Ltd. in the Bahamas. Defendant used these foreign financial

accounts in various tax evasion schemes promoted by certain individuals ("the

promoters").

In one scheme, which involved tax years 1999 and 2000, defendant used shell

corporations in Nevada to claim false business deductions on the books and tax returns

of Greaves, Inc. Pursuant to the scheme, defendant caused Greaves, Inc. to issue

corporate checks in the names of the Nevada shell corporations, which were then falsely

deducted as "professional fees" and/or "outside fees." The checks were sent to Nevada

and deposited in bank accounts controlled by the promoters. The promoters and their

- 2 -

associates then wire transferred the funds offshore to corporate bank accounts in Nevis, West Indies that defendant controlled. With the assistance of the promoters and their associates, funds from these foreign accounts were used to obtain and pay for a credit card issued by Leadenhall Trust Company Ltd. in the Bahamas. Defendant used the credit card to pay personal expenses. As a result, defendant realized income that he failed to report on his individual income tax returns for 1999 and 2000.

In a second scheme, which involved tax year 2001, the promoters used an insurance company purportedly located in Grenada to facilitate the claiming of a false business deduction by Greaves, Inc. Pursuant to the scheme, defendant caused Greaves, Inc. to wire transfer $230,000 to an offshore bank account controlled by the promoters in Nevis, West Indies. For tax purposes, defendant intended to deduct the entire $230,000 disbursement as an "insurance" expense on corporate tax returns filed on behalf of Greaves, Inc. For tax year 2001, $38,333 of the $230,000 was falsely deducted as an "insurance" expense (the remaining balance was considered "prepaid" insurance, which would be deducted on the following year's tax return). To substantiate the false deductions, the promoters provided defendant with a written policy ostensibly issued by an insurance company located in Grenada called Sovereign Life & Casualty Ltd. However, the policy was bogus because defendant, through a secret indemnification agreement signed by his son, agreed to indemnify and hold harmless the insurance company from any claims made under the policy. Pursuant to the scheme, the promoters were entitled to hold the $230,000 for a one-year period and receive a 6%

- 3 -

fee. After the one-year period, defendant was entitled to receive 94% of the $230,000 back from the promoters.

    2.   <u>Sentence</u>

        A.   <u>Sentencing Guidelines Worksheets</u>

The worksheets attached to this agreement represent the joint position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines promulgated under 28 U.S.C. §994(a). The tax loss in the sentencing guidelines worksheets includes as relevant conduct the entire corporate and personal tax losses for tax years 1999 and 2000. Pursuant to §1B1.8 of the Sentencing Guidelines, the tax loss relating to tax year 2001 shall not be used in determining the applicable guideline range. If defendant has provided false information that affects the calculation of the appropriate adjusted offense level, or if the government becomes aware, prior to the imposition of sentence, that defendant's criminal history is more serious than appears on the attached worksheets, the government has the option of withdrawing from this agreement. Defendant agrees that any delay resulting from such withdrawal shall be excludable delay for purposes of the Speedy Trial Act.

The parties acknowledge that the court will independently determine the applicable sentencing factors at sentencing and that the court's determination will affect the sentence range under the sentencing guidelines. The parties agree that all sentencing guidelines provisions that would affect defendant's guideline range have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others.

- 4 -

The government reserves the right to defend any of the court's rulings and findings with respect to any sentencing issue on appeal or in any collateral proceeding, notwithstanding the other terms of this agreement. Defendant will seek a downward departure only if the grounds are identified in the attached worksheets or elsewhere in this agreement, or if the grounds did not exist prior to defendant's guilty plea. The government reserves the right to oppose any such downward departure.

B.    Acceptance of Responsibility

Based on the present circumstances, the government recommends that defendant be granted a reduction of two levels in the combined adjusted offense level, under Section 3E1.1(a) of the sentencing guidelines, because defendant has accepted responsibility for the offense as demonstrated by pleading guilty. The government reserves the right to withdraw this recommendation if new facts come to light that indicate that defendant has not accepted responsibility within the meaning of the Sentencing Guidelines.

(1)    Sentence Agreement

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed thirteen months. Unless the court determines that defendant will not reasonably be able to pay a fine, or that paying a fine will unduly burden any of defendant's dependents, a fine shall be imposed. There is no agreement between the parties as to the amount of the fine. The court may also order defendant to pay the costs of imprisonment, probation, and supervised release. The court may accept or reject this agreement, or may defer its

- 5 -

decision until it has an opportunity to consider the presentence report. Defendant agrees that the court may inspect the presentence report before it accepts or rejects the plea agreement. If the court rejects this agreement, it shall afford defendant the opportunity to withdraw the plea of guilty and advise defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement.

### C.    Nonapplicability of Sentence Agreement

Any limitations on the sentence that are contained in this agreement will not apply if a court rules that defendant has violated any condition of supervised release that is imposed.

### D.    Supervised Release

If defendant is sentenced to one year in prison, or less, the court may also order that, following release from prison, defendant be placed on supervised release for up to one year. If defendant is sentenced to imprisonment for more than one year, such a term of supervised release will be imposed.

### E.    Supervised Release Violations

The term of supervised release to which defendant is sentenced will be a specific (i.e., a determinate) term chosen by the court at sentencing. The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute under which defendant is pleading guilty. Violation of any condition of supervised release may result in defendant's being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under 18 U.S.C. § 401(3).

F.   Special Assessment

Defendant will pay a special assessment of $100.00 in addition to any fine imposed. This assessment will be paid by defendant before sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be made to the United States District Court Clerk's Office, Room 5005, Federal Building and United States Courthouse, Detroit, Michigan 48226

G.   Payment of Tax and Filing of Tax Returns

Prior to sentencing, defendant shall in good faith (1) file true and correct individual income tax returns for the years 1999 through 2001, (2) file true and correct corporate income tax returns for Greaves, Inc. for the years 1999 to 2001, and (3) make full payment of any taxes owing thereon. Defendant shall cooperate fully with the Internal Revenue Service in determining defendant's corrected tax liability and any assessed penalties and applicable interest owed thereon and shall make satisfactory payment arrangements for any penalties and interest with the Internal Revenue Service.

3.   Waiver of Indictment

Defendant understands that he has the right to have charges filed by indictment returned by a vote of a grand jury and agrees that he will waive his right to prosecution by indictment in open court at or prior to his arraignment on the charges to be filed pursuant to this agreement.

4.   Cooperation.

A.   Truthful Information and Assistance.  Defendant promises to provide truthful and complete information to the U.S. Department of Justice and to other law

- 7 -

enforcement agencies, including a full debriefing and truthful testimony at all proceedings, criminal, civil, or administrative, including, but not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings, in any judicial district within the United States. Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, defendant may not omit facts about crimes, participants, or his or her involvement, and then claim not to have breached the agreement because he or she was not specifically asked questions about those crimes, participants, or involvement. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to, criminal activity or a statement indicating a refusal to testify, constitutes a breach of this agreement. Defendant agrees to be available for interviews in preparation of all testimony. Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation.

B. <u>Substantial Assistance Determination</u>. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will request the court to depart downward from the applicable sentencing range. The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance. Unless expressly stated to the contrary, any such motion will be limited to a departure authorized by section 5K1.1 of the Sentencing Guidelines (which permits a

- 8 -

departure only from the applicable guideline range); the motion will not be made pursuant to 18 U.S.C. § 3553(e) (which is the authority for departure from a statutory mandatory minimum).

C. Downward Departure. The parties agree that if the government makes such a motion at or before the time of sentencing, the government will recommend that defendant be sentenced to no more than four months incarceration pursuant to offense level eight of the U.S. Sentencing Guidelines. If the motion is made after sentencing (pursuant to Rule 35, Federal Rules of Criminal Procedure), the government will recommend the same departure as stated above. The court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

D. Use of Information Against Defendant. In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against defendant in determining defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

- 9 -

5.    Consequences of Violating Agreement.

A.    Government's Options. If defendant fails to keep any promise in this agreement (including any promise to cooperate), the government is relieved of any obligation not to prosecute defendant on other charges, including any charges dismissed as part of this plea agreement. Such charges may be brought without prior notice. In addition, if defendant breaches this agreement (including a promise to cooperate), the government may use against defendant in a criminal action any information that defendant has provided to the government, including the information provided pursuant to a proffer agreement on October 24, 2002. Furthermore, if the government determines after sentence is imposed under this agreement that defendant's breach of the agreement warrants further prosecution, the government will have the choice between letting the conviction(s) under this plea agreement stand or vacating such conviction(s) so that such charge(s) may be reprosecuted as well. If the government makes its determination before sentencing, it may withdraw from the plea agreement in its entirety.

B.    Waiver of Rights. Defendant agrees that if defendant fails to keep any promise made in this agreement defendant gives up:

(1) the right not to be placed twice in jeopardy for the offense(s) to which defendant entered a plea of guilty or which were dismissed under this agreement;

(2) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner for any charge that is brought as a result of defendant's failure to keep this agreement;

(3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of defendant's failure to keep this agreement, and on which the statute of limitations expired after defendant entered into this agreement.

6.   Recommendations and Requests

Defendant understands that the Court is not bound to follow any recommendation or request by the government identified in this plea agreement. Further, defendant understands that if the Court refuses to follow such a recommendation or request, defendant will not be given the opportunity to withdraw the plea of guilty. The government has no objection to defendant's request that the court impose a schedule of substitute punishment of home confinement, in lieu of imprisonment, pursuant to U.S.S.G. §5C1.1(c).

7.   Defendant's Waiver of Appeal Rights

If the court imposes a sentence equal to or less than the maximum sentence described in paragraph 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

8.   No Other Terms

This agreement incorporates the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency

- 11 -

from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the Eastern District of Michigan.

9. Effect of Conviction on Right to Possess a Firearm

Defendant acknowledges and understands that a conviction for an offense that is a felony or carries a statutory maximum potential punishment of imprisonment in excess of one year (regardless of whether the actual sentence received is in excess of one year) makes it illegal under some circumstances for a person to possess or receive a firearm or ammunition that has been shipped in or affects commerce.

10. Tolling of the Statute of Limitations

Defendant agrees that if defendant does not comply with the terms of this plea agreement; if the Court does not accept the defendant's guilty plea; or if the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

11. <u>Approval</u>

This plea offer is explicitly conditioned on approval by the Chief, Northern Criminal

Enforcement Section, Tax Division, U.S. Department of Justice.

JEFFREY COLLINS
United States Attorney

Dated: 3/22/04

Alan Gershel
Chief, Criminal Division

Dated: 1/29/04

John Sullivan
Trial Attorney
U.S. Department of Justice

Dated: 1/31/04

Herbert J. Greaves, Defendant

Dated: 1/31/04

Mayer Morganroth, Esq.
Attorney for Defendant

- 13 -

# WORKSHEET A   (Offense Levels)

Defendant: __Herbert J. Greaves__     Count(s): __One__

Docket No.: _____     Statute(s): __26 U.S.C. § 7206(1)__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2T1.1(a)(1) | False Tax Returns | |
| § 2T4.1 | Total Tax Loss between $23,500 and $40,000 (Including Relevant Conduct) | 12 |
| _____ | _____ | |
| _____ | _____ | |

### 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2T1.1 | Sophisticated Means | 2 |
| _____ | _____ | |
| _____ | _____ | |

### 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

14    X    X

(rev. 06/99)

14

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**



Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**



**3.   TOTAL OFFENSE LEVEL**



Enter the difference between Items 1 and 2.

**4.   CRIMINAL HISTORY CATEGORY**



Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

**5.   CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL
(U.S.S.G. ch. 4, pt. B)**

a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S G. § 4B1.4) results in a total offense
level higher than the total offense level entered in Item 3, enter the higher offense level total.



b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal
provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category
entered in Item 4, enter the higher criminal history category.



**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**



Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total
offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**



If the maximum sentence authorized by statute is below, or a minimum sentence required by statute
is above, the guideline range entered in Item 6, enter either the guideline range as restricted by
statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of
conviction is required by statute to be consecutive to the sentence on any other count of conviction,
explain why.

(rev. 06/99)

15

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

   a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

   [X] 1. If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

   [ ] 2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

   [ ] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

   [X] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)                 (rev. 06/99)

16

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

 4. The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

 1. The court will determine whether restitution should be ordered and in what amount.

 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

 5. Restitution is not applicable.

(rev. 06/99)

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $ 3,000 | $ 30,000 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   > $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   > $ 25.00 for every count charging a Class A misdemeanor,
   > $ 10.00 for every count charging a Class B misdemeanor, and
   > $ 5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 100        .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   Upon the government's determination that defendant's cooperation amounts to substantial

   assistance, the government may file a motion for downward departure pursuant to §5K1.1.    (rev. 06/99)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

APR 1 2 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

KURT P. GREAVES,

          Defendant.

_____/

CRIMINAL NO. 04-80274-2

VIOLATION: 26 U.S.C. § 7206(1)
Fraudulent and False Tax Returns

STATUTORY MAXIMUM
PENALTIES:
Three (3) years/$250,000 fine

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant,

the attorney for the defendant, and the government[1] agree as follows:

1.    <u>Guilty Plea</u>

A.    The defendant shall enter a plea of guilty to a one count information

which alleges that the defendant violated 26 U.S.C. § 7206(1) by willfully signing and

filing a false individual income tax return for the year 2000.

B.    <u>Elements</u>

The elements of the offense are:

(1)    the defendant made and subscribed a tax return that was false as to a

material matter;

---

[1]The word "government" in this agreement refers to the United States Attorney for the
Eastern District of Michigan and the U.S. Department of Justice, Tax Division.

(2)    the return contained a written declaration that it was made under the

penalties of perjury;

(3)    the defendant did not believe the return to be true and correct as to every

material matter; and

(4)    the defendant acted willfully when signing the return.

C.    Factual Basis

The parties stipulate that had the case proceeded to trial the government was

prepared to prove the following beyond a reasonable doubt:

Defendant is an owner of Greaves, Inc., which operates various businesses,

including a roofing company. For tax years 1999 through 2001, defendant signed and

filed fraudulent individual income tax returns with the Internal Revenue Service that falsely

reported he did not have an interest in a financial account in a foreign country when, in

fact, he had an interest in numerous foreign bank accounts, including an account at

Leadenhall Trust Company Ltd. in the Bahamas. Defendant used these foreign financial

accounts in various tax evasion schemes promoted by certain individuals ("the

promoters").

In one scheme, which involved tax years 1999 and 2000, defendant used shell

corporations in Nevada to claim false business deductions on the books and tax returns

of Greaves, Inc. Pursuant to the scheme, defendant caused Greaves, Inc. to issue

corporate checks in the names of the Nevada shell corporations, which were then falsely

deducted as "professional fees" and/or "outside fees." The checks were sent to Nevada

and deposited in bank accounts controlled by the promoters. The promoters and their

associates then wire transferred the funds offshore to corporate bank accounts in Nevis, West Indies that defendant controlled. With the assistance of the promoters and their associates, funds from these foreign accounts were used to obtain and pay for a credit card issued by Leadenhall Trust Company Ltd. in the Bahamas. Defendant used the credit card to pay personal expenses. As a result, defendant realized income that he failed to report on his individual income tax returns for 1999 and 2000.

In a second scheme, which involved tax year 2001, the promoters used an insurance company purportedly located in Grenada to facilitate the claiming of a false business deduction by Greaves, Inc. Pursuant to the scheme, defendant caused Greaves, Inc. to wire transfer $230,000 to an offshore bank account controlled by the promoters in Nevis, West Indies. For tax purposes, defendant intended to deduct the entire $230,000 disbursement as an "insurance" expense on corporate tax returns filed on behalf of Greaves, Inc. For tax year 2001, $38,333 of the $230,000 was falsely deducted as an "insurance" expense (the remaining balance was considered "prepaid" insurance, which would be deducted on the following year's tax return). To substantiate the false deductions, the promoters provided defendant with a written policy ostensibly issued by an insurance company located in Grenada called Sovereign Life & Casualty Ltd. However, the policy was bogus because defendant had signed a secret indemnification agreement whereby, defendant, through an offshore corporation in Nevis, West Indies, agreed to indemnify and hold harmless the insurance company from any claims made under the policy. Pursuant to the scheme, the promoters were entitled to

- 3 -

hold the $230,000 for a one-year period and receive a 6% fee. After the one-year period, defendant was entitled to receive 94% of the $230,000 back from the promoters.

2. Sentence

A. Sentencing Guidelines Worksheets

The worksheets attached to this agreement represent the joint position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines promulgated under 28 U.S.C. §994(a). The tax loss in the sentencing guidelines worksheets includes as relevant conduct the entire corporate and personal tax losses for tax years 1999 and 2000. Pursuant to §1B1.8 of the Sentencing Guidelines, the tax loss relating to tax year 2001 shall not be used in determining the applicable guideline range. If defendant has provided false information that affects the calculation of the appropriate adjusted offense level, or if the government becomes aware, prior to the imposition of sentence, that defendant's criminal history is more serious than appears on the attached worksheets, the government has the option of withdrawing from this agreement. Defendant agrees that any delay resulting from such withdrawal shall be excludable delay for purposes of the Speedy Trial Act.

The parties acknowledge that the court will independently determine the applicable sentencing factors at sentencing and that the court's determination will affect the sentence range under the sentencing guidelines. The parties agree that all sentencing guidelines provisions that would affect defendant's guideline range have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others.

- 4 -

The government reserves the right to defend any of the court's rulings and findings with respect to any sentencing issue on appeal or in any collateral proceeding, notwithstanding the other terms of this agreement. Defendant will seek a downward departure only if the grounds are identified in the attached worksheets or elsewhere in this agreement, or if the grounds did not exist prior to defendant's guilty plea. The government reserves the right to oppose any such downward departure.

### B. Acceptance of Responsibility

Based on the present circumstances, the government recommends that defendant be granted a reduction of two levels in the combined adjusted offense level, under Section 3E1.1(a) of the sentencing guidelines, because defendant has accepted responsibility for the offense as demonstrated by pleading guilty. The government reserves the right to withdraw this recommendation if new facts come to light that indicate that defendant has not accepted responsibility within the meaning of the Sentencing Guidelines.

### (1) Sentence Agreement

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed thirteen months. Unless the court determines that defendant will not reasonably be able to pay a fine, or that paying a fine will unduly burden any of defendant's dependents, a fine shall be imposed. There is no agreement between the parties as to the amount of the fine. The court may also order defendant to pay the costs of imprisonment, probation, and supervised release. The court may accept or reject this agreement, or may defer its

- 5 -

decision until it has an opportunity to consider the presentence report. Defendant agrees that the court may inspect the presentence report before it accepts or rejects the plea agreement. If the court rejects this agreement, it shall afford defendant the opportunity to withdraw the plea of guilty and advise defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement.

    C.    <u>Nonapplicability of Sentence Agreement</u>

Any limitations on the sentence that are contained in this agreement will not apply if a court rules that defendant has violated any condition of supervised release that is imposed.

    D.    <u>Supervised Release</u>

If defendant is sentenced to one year in prison, or less, the court may also order that, following release from prison, defendant be placed on supervised release for up to one year. If defendant is sentenced to imprisonment for more than one year, such a term of supervised release will be imposed.

    E.    <u>Supervised Release Violations</u>

The term of supervised release to which defendant is sentenced will be a specific (i.e., a determinate) term chosen by the court at sentencing. The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute under which defendant is pleading guilty. Violation of any condition of supervised release may result in defendant's being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under 18 U.S.C. § 401(3).

F.    Special Assessment

Defendant will pay a special assessment of $100.00 in addition to any fine imposed. This assessment will be paid by defendant before sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be made to the United States District Court Clerk's Office, Room 5005, Federal Building and United States Courthouse, Detroit, Michigan 48226

G.    Payment of Tax and Filing of Tax Returns

Prior to sentencing, defendant shall in good faith (1) file true and correct individual income tax returns for the years 1999 through 2001, (2) file true and correct corporate income tax returns for Greaves, Inc. for the years 1999 to 2001, and (3) make full payment of any taxes owing thereon. Defendant shall cooperate fully with the Internal Revenue Service in determining defendant's corrected tax liability and any assessed penalties and applicable interest owed thereon and shall make satisfactory payment arrangements for any penalties and interest with the Internal Revenue Service.

3.    Waiver of Indictment

Defendant understands that he has the right to have charges filed by indictment returned by a vote of a grand jury and agrees that he will waive his right to prosecution by indictment in open court at or prior to his arraignment on the charges to be filed pursuant to this agreement.

4.    Cooperation.

A.    Truthful Information and Assistance.  Defendant promises to provide truthful and complete information to the U.S. Department of Justice and to other law

- 7 -

enforcement agencies, including a full debriefing and truthful testimony at all proceedings, criminal, civil, or administrative, including, but not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings, in any judicial district within the United States. Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, defendant may not omit facts about crimes, participants, or his or her involvement, and then claim not to have breached the agreement because he or she was not specifically asked questions about those crimes, participants, or involvement. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to, criminal activity or a statement indicating a refusal to testify, constitutes a breach of this agreement. Defendant agrees to be available for interviews in preparation of all testimony. Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation.

B.      Substantial Assistance Determination.  Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will request the court to depart downward from the applicable sentencing range.  The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.  Unless expressly stated to the contrary, any such motion will be limited to a departure authorized by section 5K1.1 of the Sentencing Guidelines (which permits a

departure only from the applicable guideline range); the motion will not be made pursuant to 18 U.S.C. § 3553(e) (which is the authority for departure from a statutory mandatory minimum).

C. Downward Departure. The parties agree that if the government makes such a motion at or before the time of sentencing, the government will recommend that defendant be sentenced to no more than four months incarceration pursuant to offense level eight of the U.S. Sentencing Guidelines. If the motion is made after sentencing (pursuant to Rule 35, Federal Rules of Criminal Procedure), the government will recommend the same departure as stated above. The court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

D. Use of Information Against Defendant. In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against defendant in determining defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

- 9 -

5. Consequences of Violating Agreement.

A. Government's Options. If defendant fails to keep any promise in this agreement (including any promise to cooperate), the government is relieved of any obligation not to prosecute defendant on other charges, including any charges dismissed as part of this plea agreement. Such charges may be brought without prior notice. In addition, if defendant breaches this agreement (including a promise to cooperate), the government may use against defendant in a criminal action any information that defendant has provided to the government, including the information provided pursuant to a proffer agreement on October 24, 2002. Furthermore, if the government determines after sentence is imposed under this agreement that defendant's breach of the agreement warrants further prosecution, the government will have the choice between letting the conviction(s) under this plea agreement stand or vacating such conviction(s) so that such charge(s) may be reprosecuted as well. If the government makes its determination before sentencing, it may withdraw from the plea agreement in its entirety.

B. Waiver of Rights. Defendant agrees that if defendant fails to keep any promise made in this agreement defendant gives up:

(1) the right not to be placed twice in jeopardy for the offense(s) to which defendant entered a plea of guilty or which were dismissed under this agreement;

(2) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner for any charge that is brought as a result of defendant's failure to keep this agreement;

- 10 -

(3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of defendant's failure to keep this agreement, and on which the statute of limitations expired after defendant entered into this agreement.

6.    Recommendations and Requests

Defendant understands that the Court is not bound to follow any recommendation or request by the government identified in this plea agreement. Further, defendant understands that if the Court refuses to follow such a recommendation or request, defendant will not be given the opportunity to withdraw the plea of guilty. The government has no objection to defendant's request that the court impose a schedule of substitute punishment of home confinement, in lieu of imprisonment, pursuant to U.S.S.G. §5C1.1(c).

7.    Defendant's Waiver of Appeal Rights

If the court imposes a sentence equal to or less than the maximum sentence described in paragraph 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

8.    No Other Terms

This agreement incorporates the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency

- 11 -

from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the Eastern District of Michigan.

9.      Effect of Conviction on Right to Possess a Firearm

Defendant acknowledges and understands that a conviction for an offense that is a felony or carries a statutory maximum potential punishment of imprisonment in excess of one year (regardless of whether the actual sentence received is in excess of one year) makes it illegal under some circumstances for a person to possess or receive a firearm or ammunition that has been shipped in or affects commerce.

10.      Tolling of the Statute of Limitations

Defendant agrees that if defendant does not comply with the terms of this plea agreement; if the Court does not accept the defendant's guilty plea; or if the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

11. <u>Approval</u>

This plea offer is explicitly conditioned on approval by the Chief, Northern Criminal

Enforcement Section, Tax Division, U.S. Department of Justice.

JEFFREY COLLINS
United States Attorney

Dated: _3. 22-04_

_[signature]_
Alan Gershel
Chief, Criminal Division

Dated: _1/29/04_

_[signature]_
John Sullivan
Trial Attorney
U.S. Department of Justice

Dated: _1-31-04_

_[signature]_
Kurt P. Greaves, Defendant

Dated: _1-31-04_

_[signature]_
Mayer Morganroth, Esq.
Attorney for Defendant

- 13 -

# WORKSHEET A   (Offense Levels)

Defendant: __Kurt P. Greaves__                 Count(s): __One__

Docket No.: _____         Statute(s): __26 U.S.C. § 7206(1)__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.**   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2T1.1(a)(1) | False Tax Returns | |
| § 2T4.1 | Total Tax Loss between $23,500 and $40,000 (Including Relevant Conduct) | 12 |
| | | |
| | | |

**2.**   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| § 2T1.1 | Sophisticated Means | |
| | | |
| | | |

**3.**   **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.         **14**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*         **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*         **X**

(rev. 06/99)

14

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**



Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**



**3.   TOTAL OFFENSE LEVEL**



Enter the difference between Items 1 and 2.

**4.   CRIMINAL HISTORY CATEGORY**



Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.   CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.  _Total Offense Level:_  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b.  _Criminal History Category:_  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**



Enter the guideline range in the Sentencing Table (_see_ U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5 a and the criminal history category entered in Item 4 or 5.b.

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**



If the maximum sentence authorized by statute is below, or a minimum sentence required by statute _is above, the_ guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (_See_ U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

   a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

    1. If this box is checked, go to Item 2 (Split Sentence).

    2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

    1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)                        (rev. 06/99)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

### a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

### b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

 4. The statute of conviction requires a minimum term of supervised release of _____ months.

### c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

 1. The court will determine whether restitution should be ordered and in what amount.

 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

 5. Restitution is not applicable.

(rev. 06/99)

17

6. **FINE** (U.S.S.G. § 5E1.2)

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $  3,000 | $  30,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   > $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   > $ 25.00 for every count charging a Class A misdemeanor,
   > $ 10.00 for every count charging a Class B misdemeanor, and
   > $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 100           .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   Upon the government's determination that defendant's cooperation amounts to substantial

   assistance, the government may file a motion for downward departure pursuant to §5K1.1.          (rev. 06/99)