TAB 16

Dockets.Justia.com

FILED by _____ D.C.

OCT 3 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.· MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-3915-CIV-JORDAN

IN THE MATTER OF THE TAX            )
LIABILITIES OF:                     )
                                    )
                                    )
JOHN DOES, United States taxpayers who,   )
during the years ending December 31, 1998 )
and 1999, had signatory authority over    )
AMERICAN EXPRESS or MASTERCARD            )
credit, charge, or debit cards issued by or )
through, or for which payment was received  )
from, banks in Antigua and Barbuda, the     )
Bahamas or the Cayman Islands, or issued to )
persons or entities in Antigua and Barbuda, )
the Bahamas, or the Cayman Islands          )
                                    )
                                    )

_____

ORDER GRANTING EX PARTE PETITION FOR LEAVE TO FILE JOHN DOE
SUMMONSES

The United States of America has filed a petition for leave to file John Doe summonses
pursuant to 26 U.S.C. § 7609(f). I have considered the petition, the memorandum of law, and the
supporting affidavits and exhibits ex parte, as required by 26 U.S.C. § 7609(h)(2). I find that the
United States has established the following.

First, the summonses relate to the investigation of an ascertainable group or class or persons,
i.e., American Express and MasterCard signatories whose charge, debit, or credit cards were issued
by or through, or paid for from funds drawn on, banks in Antigua and Barbuda, the Bahamas, or the
Cayman Islands during 1998 and 1999. *See* 26 U.S.C. § 7609(f)(1).

Second, a reasonable basis exists for believing that such individuals may fail or may have
failed to comply with provisions of the internal revenue laws. *See* 26 U.S.C. § 7609(f)(2).

Third, the information to be obtained from the testimony and examination of the records (and
the identities of the persons with respect to whose liability the summonses are issued) is not readily
available from other sources. *See* 26 U.S.C. § 7609(f)(3).

Accordingly, the Internal Revenue Service, through an authorized officer or agent, may serve John Doe summonses, in the forms attached to the petition as Exhibits 1 & 2, on American Express Travel Related Services Co. and MasterCard International.

DONE and ORDERED in chambers in Miami, Florida, this __20th__ day of October, 2000.

Adalberto Jordan
United States District Judge

Copy to:    José Francisco DeLeon, DOJ (Fax: 202-514-9868)
            Grisel Alonso, AUSA

2

TAB 17



# Summons

John Does, United States Taxpayers who have signatory authority over MasterCard credit charge or debit cards issued by or through or for which payment has been received from, banks or other financial institutions in the Bahamas, Antigua and Barbuda or the Cayman Islands, or issued to persons or entities in the Bahamas, Antigua and Barbuda or the Cayman Islands.

In the matter of _____

Internal Revenue District SB/SE Area #3, CIP · Periods Ann - Funding December 31, 1998

The Commissioner of Internal Revenue

To: MasterCard International

At: 801 Brickell Avenue, Suite 1300, Miami, Florida 33131

You are hereby summoned and required to appear before **Joseph C. West, Badge No. 1285**
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

**See Attached Exhibit A.**

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_Joseph C. West_      _International Examiner_
Signature of IRS officer serving the summons      Title

Business address and telephone number of IRS officer before whom you are to appear:
7850 S.W. 6th Court - 3rd Floor, Plantation, Florida 33324 (954) 423-7012

Place and time for appearance at _7850 S.W. 6th Court 3rd Floor Plantation, Florida 33324 (954) 423-7012_

**IRS** on the _4th_ day of _December 2000_ at _11_ o'clock _A_ m.

Issued under authority of the Internal Revenue Code this _30th_ day of _October_ _2000_ (year)

Department of the Treasury
Internal Revenue Service

_____ Signature of issuing officer      **Area Director SB/SE** Title

www.irs.ustreas.gov

_____ Signature of approving officer (if applicable)      Title

Form 2039 (Rev. 9-1999)
Catalog Number 21405J      Part A — to be given to person summoned

# EXHIBIT A

## ATTACHMENT TO SUMMONS
## MASTERCARD

1. Provide the names, addresses, social security numbers (or such other identifying information as driver license, passport or employer identification numbers) and telephone numbers of cardholders or card users of MasterCard credit, charge or debit cards (hereinafter "card" or "cards") issued by or through, or for which payment has been received from, banks or other financial institutions in the Bahamas, Antigua and Barbuda or the Cayman Islands, or issued to persons or entities in the Bahamas, Antigua and Barbuda or the Cayman Islands, where a U.S. citizen or U.S. resident had signatory authority over the cards during the years ended December 31, 1998 and 1999.

2. For each card for which you lack the information sought in Item 1, or cannot determine whether the card is within the parameters of Item 1, provide all documents related to purchases/charges during the years ended December 31, 1998 and 1999, for any of the following categories of vendors for cards issued by or through, or for which payment has been received from banks or other financial institutions located in the Bahamas, Antigua and Barbuda or the Cayman Islands, or issued to persons or entities in the Bahamas, Antigua and Barbuda or the Cayman Islands:

   A) Automobile dealerships located in the United States, where the amount charged/paid is greater than $2,500;

   B) Boat/water craft dealerships located in the United States, where the amount charged/paid is greater than $2,000;

   C) Travel agents located in the United States, where the amount charged/paid is greater than $800;

   D) Airlines located in the United States, where any amount is charged/paid;

   E) Hotels, motels and other similar vendors located in the United States, where the amount charged/paid is greater than $500;

   F) Car rental companies located in the United States, where any amount is charged/paid.

3. Provide the following documents related to the card accounts for which information is produced pursuant to Item 1 above or documents are produced pursuant to Item 2 above: account applications, correspondence, memoranda, credit investigation files, invoices, payment on account, (customer) corporate minutes and other corporate documents, power of attorney or other representative or fiduciary agreements or powers, (customer) trust instruments and other trust documents, letters of wishes, all credit account statements, and copies of agreements between you and the card issuer entity. For each type of document described in this Item 3, the documents should be produced even if denominated differently in your records.

4. Provide copies of organization charts, telephone books and other similar documents identifying entities or listing employees of the entities processing card transactions. For the purpose of this summons, "processing cards transactions" refers to activities performed by you, on your behalf, or on behalf of any subsidiary or affiliate of yours, for the accounting of card transactions, the performance of credit checks on card users and/or cardholders and the performance of any and all security activities related to card transactions or reputational risks of your brand name.

For the purpose of this summons the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including but not limited to:

A) Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletype, cables, facsimiles and electronic mail; and

B) Video and/or audio tapes, cassettes, films, microfilm, computer discs and any other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form.

C) Copies of any software necessary to process or retrieve the data summonsed, plus all manuals or similar documents related to the use of such software.

For the purpose of this summons you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody or control, or otherwise accessible or available to you either directly or from other entities.

Please provide the information requested above on machine sensible media unless only available otherwise.

TAB 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3  IN THE MATTER OF THE TAX
4  LIABILITIES OF:
5  JOHN DOES, United States taxpayers    )  ORDER
6  who, during the years ended           )
   December 31, 1999 through             )
7  December 31, 2001, had signature      )
8  authority over VISA cards issued by,  )
   through, or on behalf of banks or     )
9  other financial institutions in       )  CV  02  0049
10 Anguilla, Antigua and Barbuda,        )
   Aruba, Bahamas, Belize, Bermuda,      )
11 British Virgin Islands, Cayman Islands,)
12 Cook Islands, Cyprus, Dominica,       )
   Gibraltar, Guernsey/Sark/Aldeney,     )
13 Hong Kong, Isle of Man, Jersey,       )
14 Latvia, Liechtenstein, Luxembourg,    )
   Malta, Nauru, Netherlands Antilles,   )
15 Panama, Samoa, St. Kitts and Nevis,   )
16 St. Lucia, St. Vincent and the        )
   Grenadines, Switzerland, Turks        )
17 and Caicos, and Vanuatu.              )
18
19        THIS MATTER is before the Court upon the United States of America's *EX PARTE*

20  PETITION FOR LEAVE TO SERVE JOHN DOE SUMMONS. Based upon a review of the

21  PETITION and exhibits thereto, the Court has determined that the "John Doe" summons

22

23  issued by the Internal Revenue Service to VISA International relates to the investigation

24  of an ascertainable group or class of persons, that there is a reasonable basis for believing

25  that such group or class of persons may fail or may have failed to comply with any

26

27  provision of any internal revenue law, and that the information sought to be obtained

28  from the examination of the records or testimony (and the identities of the persons with

1   respect to whose liability the summonses are issued) are not readily available from other

2   sources. It is therefore —

3

4        ORDERED AND ADJUDGED that the Internal Revenue Service, through

5   Revenue Agent Joseph C. West or any other authorized officer or agent, may serve an

6   Internal Revenue Service "John Doe" summons upon VISA International in substantially

7   the form as attached to the Exhibits Appendix to the Declaration of Revenue Agent West

8   at Tab 1. A copy of this ORDER shall be served together with the summonses.

9

10        DONE AND ORDERED this _27_ day of _March_____, 2002.

11

12

13

14        UNITED STATES DISTRICT JUDGE

15   Copies furnished to:

16   Jay R. Weill

17   Assistant United States Attorney
    Chief, Tax Division

18   10th Floor, Federal Building
    450 Golden Gate Avenue

19   San Francisco, California 94102

20
    José Francisco de León

21   Trial Attorney, Tax Division

22   U.S. Department of Justice
    P.O. Box 14198

23   Ben Franklin Station

24   Washington, D.C. 20044
    Fax: (202) 514-9868

25

26

27

28             -2-             Order

TAB 19



# **Summons**

In the matter of <u>Tax Liabilities of John Does</u>

Internal Revenue Service (Division): <u>SB/SE</u>

Industry/Area (name or number): <u>Area 15</u>

Periods: <u>Calendar Years ended December 31, 1999, December 31, 2000 and December 31, 2001</u>

### The Commissioner of Internal Revenue

To: <u>VISA International, its Affiliates and Subsidiaries</u>

At: <u>900 Metro Center Blvd. Foster City, CA 94404</u>

You are hereby summoned and required to appear before <u>Joseph C. West</u>
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment

---

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

---

Signature of IRS officer serving the summons                Title

**Business address and telephone number of IRS officer before whom you are to appear:**
ROBERT GEE, FIELD EXAM GROUP MANAGER, TEL. (415)522-6119

**Place and time for appearance at** ON 4/29/02 AT 9:30A.M. AT 450 GOLDEN GATE AVE., ROOM#6107,
FEDERAL BUILDING, S.F., CA 94102

# IRS

on the _____ day of _____, _____ at _____ o'clock _____ m.
                                                      (year)
Issued under authority of the Internal Revenue Code this _____ day of _____, _____.
                                                                                        (year)

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of issuing officer
*Richard Valdez*
Signature of approving officer *(if applicable)*

Title
Compliance Area Director
Title

Part A - to be given to person summoned

## Attachment to Summons

1. Provide the names, addresses, social security numbers (or such other identifying information as driver license, passport or employer identification numbers) and telephone numbers of cardholders or card users of VISA payment cards (including credit or debit cards) (hereinafter "VISA cards") issued by, through, or for banks or other financial institutions in Anguilla, Antigua and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands, Cook Islands, Cyprus, Dominica, Gibraltar, Guernsey/Sark/Aldeney, Hong Kong, Isle of Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta, Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts and Nevis, St. Lucia, St. Vincent and the Grenadines, Singapore, Switzerland, Turks and Caicos, and Vanuatu, where a U.S. citizen or U.S. resident had signature authority over the VISA card or account during the years ended December 31, 1999 through 2001.

2. For each VISA card or account for which you lack the information sought in Item 1, or cannot determine whether the VISA card or account is within the parameters of Item 1, provide all documents of VISA International, its affiliates and subsidiaries including VISA International Service Association and Inovant, Inc., related to card transactions, charges and purchases during the period January 1, 1999, through the date of compliance with the summons, including computer records of transactions processed through VISA's authorizations system and VISA's clearing and settlement system, for all VISA cards issued by, through, or for banks or other financial institutions in Anguilla, Antigua and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands, Cook Islands, Cyprus, Dominica, Gibraltar, Guernsey/Sark/Aldeney, Hong Kong, Isle of Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta, Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts and Nevis, St. Lucia, St. Vincent and the Grenadines, Singapore, Switzerland, Turks and Caicos, and Vanuatu, in which such card or account had at least two (2) transactions, charges or purchases in the United States in each of six (6) different months during any twelve (12) month period between January 1, 1999 and December 31, 2001.

This request includes VISA cards issued by banks or financial institutions doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank or financial institution (in any jurisdiction). For example, it includes VISA cards issued by a bank in the United Kingdom (not a listed jurisdiction) on behalf of a bank in Jersey (a listed jurisdiction). It also includes cards issued by banks or financial institutions in the listed jurisdictions on behalf of another bank or financial institution from any jurisdiction.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

a. For each card or account, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated and processed by a computer.

b. For each card or account, please provide separate files for the authorization system and the clearing and settlement system.

c. Please produce a single extract record of each authorization and/or clearing and settlement record processed in connection with each card or account.

d. Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

e. The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

3. For the purpose of this summons, the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

A) Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

B) Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

C) Copies of any software necessary to process or retrieve the data summoned, plus all manuals or similar documents related to the use of such software.

4. For the purpose of this summons, "authorization" means the process by which a VISA card issuer approves (or declines) a transaction at the point of sale, and "clearing and settlement" means the process by which VISA International and its subsidiaries and affiliates collect data about a transaction from the acquiring financial institution and delivers it to the card issuer.

- 2 -

5. For the purpose of this summons, you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody, or control, or otherwise accessible or available to you either directly or through other entities.

- 3 -

TAB 20

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 02-22498-CIV-UNGARO-BENAGES

IN THE MATTER OF THE TAX
LIABILITIES OF:

JOHN DOES, United States taxpayers
who during the years ended December 31,
1999 through December 31, 2001, had
signature authority over MASTERCARD
payment cards issued by, through, or on
behalf of banks or other financial
institutions in Anguilla, Antigua and Barbuda,
Aruba, Bahamas, Belize, Bermuda, British
Virgin Islands, Cayman Islands, Cook
Islands, Cyprus, Dominica, Gibraltar,
Guernsey/Sark/Aldeney, Hong Kong, Isle of Man,
Jersey, Latvia, Liechtenstein, Luxembourg, Malta,
Nauru, Netherlands Antilles, Panama, Samoa, St.
Kitts and Nevis, St. Lucia, St. Vincent and the
Grenadines, Singapore, Switzerland, Turks and
Caicos, and Vanuatu.

_____/

## ORDER GRANTING EX PARTE MOTION
## FOR LEAVE TO FILE JOHN DOE SUMMONSES

THIS CAUSE is before the Court upon the United States of America's Ex Parte Petition

for Leave to Serve John Doe Summons, filed August 15, 2002.

THE COURT has considered the Petition and the pertinent portions of the record and is

otherwise fully advised in the premises.

The Court finds that the "John Doe" Summonses to be issued by the Internal Revenue

Service to MasterCard International relates to the investigation of an ascertainable group or class

of persons, i.e. United States taxpayers who have signature authority over MasterCard payment

cards (including credit and debit cards bearing the MasterCard, Cirrus and Maestro logos) issued

by, through, or for banks or financial institutions in the countries listed in the above caption, for

the years ending December 31, 1999 through 2001. *See* 26 U.S.C. § 7609(f)(1).

Second, a reasonable basis exists for believing that such group or class of persons may fail or have failed to comply with provisions of the internal revenue laws. *See id.* § 7609(f)(2).

Third, the information to be obtained from the testimony and examination of the records (and the identities of the persons with respect to whose liability the summons are issued) are not readily available from other sources. *See id.* § 7609(f)(3).

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Internal Revenue Service, through Agent Joseph C. West or any other authorized officer or agent, may serve John Does summonses upon MasterCard International in substantially the same form as attached to the Exhibits Appendix to the Declaration of Revenue Agent West at Tab 1. A copy of this Order shall be served together with the summonses.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of August, 2002.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

TAB 21

 # Summons



In the matter of  Tax Liability of John Does

Internal Revenue Service (Division):  SB/SE

Industry/Area (name or number):  Area 15

Periods:  Years ending December 31, 1999, December 31, 2000, and December 31, 2001

### The Commissioner of Internal Revenue

**To:** MasterCard International

**At:** 801 Brickell Avenue, Suite 1300, Miami, FL  33131-4945

You are hereby summoned and required to appear before  Joseph C. West or designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

  See Attachment

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 5218 Atlantic Avenue, 1st Floor, Mays Landing, NJ  08330   Telephone (609)625-3040 extension 139

**Place and time for appearance at** 7850 S. W. 6th Court - 3rd Floor, Plantation, Florida 33324  Telephone: (954) 423-7012

**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____23rd_____ day of ____September____ 2002 at ___10:00___ o'clock ___a___ m.

Issued under authority of the Internal Revenue Code this ___29th___ day of ____August____ . 2002
(year)                                              (year)

Signature of issuing officer

Director SB/SE Area 15
Title

Signature of approving officer *(if applicable)*

Title

**Original — to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| *August 30, 2002* | *4.52 PM* |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☒ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: *1501 K Street, N.W. Washington D.C.* *Joseph D. Dumphins, Sidley Austin Brown Wood D.C. 200x*

| Signature | Title |
|---|---|
| *Evelyn M. Stephens* | *Supervisor, Internal Revenue* |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____ Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form 2039 (Rev. 12-2001)

1. All documents related to charges and purchases during the period January 1, 1999, through the date of compliance with this summons, including computer records of transactions processed through MasterCard's authorizations system and clearing and settlement system, for all MasterCard credit, charge, or debit cards (hereinafter "card" or "cards") issued by, through, or for banks or other financial institutions in Anguilla, Antigua and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands, Cook Islands, Cyprus, Dominica, Gibraltar, Guernsey/Sark/Alderney, Hong Kong, Isle of Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta, Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts & Nevis, St. Lucia, St. Vincent and the Grenadines, Singapore, Switzerland, Turks & Caicos, and Vanuatu (except for the cards listed on the attached schedule), in which such card or account had at least two (2) transactions, charges, or purchases in the United States in each of six (6) different months during any twelve (12) month period between January 1, 1999, and December 31, 2001.

This request includes cards issued by banks or financial institutions doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank or financial institution (in any jurisdiction). For example, it includes cards issued by a bank in the United Kingdom (not a listed jurisdiction) on behalf of a bank in Jersey (a listed jurisdiction). It also includes cards issued by banks or financial institutions in the listed jurisdictions on behalf of another bank or financial institution from any jurisdiction.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

a.  For each card, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated, and processed by a computer.

b.  For each card, please provide separate files for the authorization system and the clearing and settlement system.

c.  Please produce a single extract record of each authorization and/or clearing and settlement record processed in connection with each card or account.

d.  Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

e.  The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

2. For the purpose of this summons, the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

a.    Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

b.    Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

c.    Copies of any software necessary to process or retrieve the data summoned, plus all manuals or similar documents related to the use of such software.

3. For the purpose of this summons, "authorization" means the process by which a credit card issuer approves (or declines) a transaction at the point of sale, and "clearing and settlement" means the process by which MasterCard collects data about a transaction from the acquiring financial institution and delivers it to the card issuer.

4. For the purpose of this summons, you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody, or control, or otherwise accessible or available to you either directly or through other entities.

TAB 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

SEP 11 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. _____

IN THE MATTER OF THE TAX
LIABILITIES OF:

JOHN DOES, United States taxpayers
who, during the years ended
December 31, 1999 through
December 31, 2002, had signature
authority over MASTERCARD, VISA
or AMERICAN EXPRESS payment cards
issued by, through, or on behalf of banks
or other financial institutions in Anguilla,
Antigua and Barbuda, Aruba, Bahamas,
Belize, Bermuda, British Virgin Islands,
Cayman Islands, Dominica,
Netherlands Antilles, Panama,
St. Kitts and Nevis, St. Lucia,
St. Vincent and the Grenadines,
and Turks and Caicos.

_____/

# 03-22177

# CIV-MARTINEZ

MAGISTRATE JUDGE
DUBÉ

CLOSED
CIVIL
CASE

## ORDER

THIS MATTER is before the Court upon the United States of America's *EX PARTE*

PETITION FOR LEAVE TO SERVE JOHN DOE SUMMONS. Based upon a review of the PETITION and

exhibits thereto, the Court has determined that the "John Doe" summons to be issued by the

Internal Revenue Service to Credomatic of Florida, Inc. relates to the investigation of an

ascertainable group or class of persons, that there is a reasonable basis for believing that such

group or class of persons may fail or may have failed to comply with any provision of any

internal revenue law, and that the information sought to be obtained from the examination of the

records or testimony (and the identities of the persons with respect to whose liability the summons is issued) are not readily available from other sources. It is therefore –

ORDERED AND ADJUDGED that the Internal Revenue Service, through Revenue Agent Joseph C. West or any other authorized officer or agent, may serve an Internal Revenue Service "John Doe" summons upon Credomatic of Florida in substantially the form as attached to the Exhibits Appendix to the Declaration of Revenue Agent West at Tab 1. A copy of this Order shall be served together with the summons.

DONE AND ORDERED this \_\_11\_\_ day of \_\_\_September\_\_\_, 2003.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Scott M. Grossman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Hemant Sharma
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Marcos Daniel Jiménez
United States Attorney
Southern District of Florida
99 N.E. 4th St.
Miami, FL 33132

2

TAB 23



# Summons

In the matter of  Tax Liability of John Does

Internal Revenue Service (Division):  Small Business/Self Employed Division

Industry/Area (name or number):  Area 15

Periods:  Years ending December 31, 1999, December 31, 2000, December 31, 2001, and December 31, 2002

## The Commissioner of Internal Revenue

**To:**  Credomatic of Florida, Inc.

**At:**  848 Brickell Avenue, Suite 300, Miami, FL  33131

You are hereby summoned and required to appear before  Joseph C. West or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment

---

### Do not write in this space

---

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 5218 Atlantic Avenue, 1st Floor, Mays Landing, NJ  08330   Telephone (609)625-3040 extension 139

**Place and time for appearance at**  1700 Palm Beach Lakes Blvd., West Palm Beach, FL  33401   Telephone: (561) 616-2049

**IRS**

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ day of _____ , _____ at _____ o'clock _____ m.
                                                                                        (year)

Issued under authority of the Internal Revenue Code this _____ day of _____ , _____ .
                                                                                                    (year)

_____          Territory Manager
Signature of issuing officer                                  Title

_____          _____
Signature of approving officer (if applicable)                Title

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| | |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
   548 Brickell Avenue, Suite 300, Miami, FL 33131

| Signature | Title |
|---|---|
| | Territory Manager |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____  Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | Territory Manager |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | Territory Manager |

Form 2039 (Rev. 12-2001)

## Attachment to "John Doe" Summons to Credomatic of Florida, Inc.

1. All documents of Credomatic of Florida, Inc., its affiliates and subsidiaries, pertaining to MasterCard, VISA, or American Express payment cards (including credit, charge, or debit cards) issued by, through, or for banks or other financial institutions in Anguilla, Antigua and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands, Dominica, Netherlands Antilles, Panama, St. Kitts & Nevis, St. Lucia, St. Vincent and the Grenadines, and Turks and Caicos, for the period January 1, 1999, through the date of compliance with this summons: (a) where any person or entity associated with the card account has or had an address in the United States, or (b) where such card or account had at least two (2) transactions, charges or purchases in the United States in each of three (3) different months during any six (6) month period between January 1, 1999 and December 31, 2002, including but not limited to the following records:

1) records of card transactions, including authorization and clearing transactions, processed by Credomatic of Florida;

2) cardholder monthly or other periodic account statements;

3) account general information, customer general information, relationship information, or other records reflecting cardholder identity and address information, information identifying persons with signature authority on the accounts, and information identifying account customer relationships;

4) account balance and history records

5) correspondence;

6) security records; and

7) know your customer records.

This request includes cards issued by banks doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank (in any jurisdiction). For example, it includes cards issued by a bank in Jersey (not a listed jurisdiction) on behalf of a bank in the Bahamas (a listed jurisdiction). It also includes cards issued by banks in the listed jurisdictions on behalf of another bank (from any jurisdiction).

This request does not include card accounts listed on the attached schedule 1.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

a.    For each card, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated and processed by a computer.

    b.    For each card, please provide separate files for the Authorization System and the Clearing System.

    c.    Please produce a single extract record of each Authorization and/or Clearing record processed in connection with each credit card.

    d.    Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

    e.    The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

2. For the purpose of this summons, the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

    A)    Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

    B)    Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

    C)    Copies of any software necessary to process or retrieve the data summoned, plus all manuals or similar documents related to the use of such software.

3. For the purpose of this summons, "authorization" means the process by which a credit card issuer approves (or declines) a transaction at the point of sale, and "clearing" means the process by which Credomatic of Florida collects data about a transaction from the Acquirer financial institution and delivers it to the credit card issuer.

4. For the purpose of this summons, you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody, or control, or otherwise accessible or available to you either directly or through other entities.

TAB 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-22177-CIV-MARTINEZ

FILED by _____ D.C.

APR - 2 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

IN THE MATTER OF THE TAX
LIABILITIES OF:

JOHN DOES, United States taxpayers
who, during the years ended
December 31, 1999 through
December 31, 2002, had signature
authority over MASTERCARD, VISA
or AMERICAN EXPRESS payment cards
issued by, through, or on behalf of banks
or other financial institutions in Anguilla,
Antigua and Barbuda, Aruba, Bahamas,
Belize, Bermuda, British Virgin Islands,
Cayman Islands, Dominica,
Netherlands Antilles, Panama,
St. Kitts and Nevis, St. Lucia,
St. Vincent and the Grenadines,
and Turks and Caicos.

_____/

## ORDER

THIS MATTER is before the Court upon the United States of America's *EX PARTE*

MOTION FOR LEAVE TO MODIFY JOHN DOE SUMMONS. Based upon a review of the MOTION and

exhibit thereto, the Court has determined that the proposed modified "John Doe" summons to be

issued by the Internal Revenue Service to Credomatic of Florida, Inc. relates to the investigation

of an ascertainable group or class of persons, that there is a reasonable basis for believing that

such group or class of persons may fail or may have failed to comply with any provision of any

internal revenue law, and that the information sought to be obtained from the examination of the



records or testimony (and the identities of the persons with respect to whose liability the summons is issued) are not readily available from other sources. It is therefore –

ORDERED AND ADJUDGED that the Internal Revenue Service, through Revenue Agent Daniel Reeves or any other authorized officer or agent, may serve a modified Internal Revenue Service "John Doe" summons upon Credomatic of Florida in substantially the form as attached as Exhibit 1 to the government's *EX PARTE* MOTION FOR LEAVE TO MODIFY JOHN DOE SUMMONS. A copy of this Order shall be served together with the summons.

DONE AND ORDERED this __2__ day of _____, 2004.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Scott M. Grossman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Hemant Sharma
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Marcos Daniel Jiménez
United States Attorney
Southern District of Florida
99 N.E. 4th St.
Miami, FL 33132

2

TAB 25



# Summons

In the matter of  Tax Liability of John Does

Internal Revenue Service (Division):  Small Business/Self Employed Division

Industry/Area (name or number):  Area 15

Periods: Years ending 12/31/1999, 12/31/2000, 12/31/2001, 12/31/2002, and 12/31/2003

The Commissioner of Internal Revenue

**To:** Credomatic of Florida, Inc.

**At:** _____

You are hereby summoned and required to appear before  Joseph C. West or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 5218 Atlantic Avenue, 1st Floor, Mays Landing, NJ  08330   Telephone (609)625-3040 extension 139

**Place and time for appearance at**  1700 Palm Beach Lakes Blvd., West Palm Beach, FL  33401   Telephone: (561) 616-2049

**IRS**

on the _____ day of _____, _____ at _____ o'clock _____ m.
                                                                *(year)*
Issued under authority of the Internal Revenue Code this _____ day of _____, _____
                                                                                                    *(year)*

**Department of the Treasury**
**Internal Revenue Service**

_____     Territory Manager
          *Signature of issuing officer*                              *Title*

**www.irs.gov**

Form 2039 (Rev. 12-2001)     _____     _____
Catalog Number 21405J          *Signature of approving officer (if applicable)*              *Title*

                                                            **Original — to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| | : |

**How Summons Was Served**

1. ☑ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| | Territory Manager |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| | Territory Manager |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
| | Territory Manager |

Form 2039 (Rev. 12-2001)

## Attachment to "John Doe" Summons to Credomatic of Florida, Inc.

1.  All documents of Credomatic of Florida, Inc., its affiliates and subsidiaries, pertaining to MasterCard, VISA, or American Express payment cards (including credit, charge, or debit cards) issued by, through, or for banks or other financial institutions in Anguilla, Antigua and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands, Dominica, Netherlands Antilles, Panama, St. Kitts & Nevis, St. Lucia, St. Vincent and the Grenadines, and Turks and Caicos, for the period January 1, 1999, through the date of compliance with this summons: (a) where any person or entity associated with the card account has or had an address or telephone number in the United States; or (b) where the number of the account appears on the attached Schedule 2; including but not limited to the following records:

1)   records of card transactions, including authorization and clearing transactions, processed by Credomatic of Florida;

2)   cardholder monthly or other periodic account statements;

3)   account general information, customer general information, relationship information, or other records reflecting cardholder identity and address information, information identifying persons with signature authority on the accounts, and information identifying account customer relationships;

4)   account balance and history records;

5)   correspondence;

6)   security records; and

7)   know your customer records.

This request includes cards issued by banks doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank (in any jurisdiction). For example, it includes cards issued by a bank in Jersey (not a listed jurisdiction) on behalf of a bank in the Bahamas (a listed jurisdiction). It also includes cards issued by banks in the listed jurisdictions on behalf of another bank (from any jurisdiction).

This request does not include card accounts listed on the

attached Schedule 1.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

a.   For each card, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated and processed by a computer.

b.   For each card, please provide separate files for the Authorization System and the Clearing System.

c.   Please produce a single extract record of each Authorization and/or Clearing record processed in connection with each credit card.

d.   Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

e.   The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

2.   For the purpose of this summons, the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

A)   Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

B)   Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

C)   Copies of any software necessary to process or retrieve

the data summoned, plus all manuals or similar
documents related to the use of such software.

3.  For the purpose of this summons, "authorization" means
the process by which a credit card issuer approves (or declines)
a transaction at the point of sale, and "clearing" means the
process by which Credomatic of Florida collects data about a
transaction from the Acquirer financial institution and delivers
it to the credit card issuer.

4.  For the purpose of this summons, you are required to
produce all documents described in this attachment, whether
located in the United States or otherwise, that are in your
possession, custody, or control, or otherwise accessible or
available to you either directly or through other entities.

TAB 26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____

FILED by ____ USTO D.C.
DKTG

AUG 0 5 2004

CLAREN E MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

IN THE MATTER OF THE TAX
LIABILITIES OF:

JOHN DOES, United States taxpayers who,
during the years ended December 31, 1999
through December 31, 2003, had signature
authority over American Express,
MasterCard, or VISA payment cards issued
by, through, or on behalf of banks or other
financial institutions in Belize and Grenada.

# 04-21986

CIVILINGARO-BETAGES

MAGISTRATE JUDGE
BROWN

## ORDER

THIS MATTER is before the Court upon the United States of America's *EX PARTE*
PETITION FOR LEAVE TO SERVE JOHN DOE SUMMONS. Based upon a review of the PETITION and
exhibits thereto, the Court has determined that the "John Doe" summons to be issued by the
Internal Revenue Service to TecniCard, Inc. and its affiliates and subsidiaries relates to the
investigation of an ascertainable group or class of persons, that there is a reasonable basis for
believing that such group or class of persons may fail or may have failed to comply with any
provision of any internal revenue law, and that the information sought to be obtained from the
examination of the records or testimony (and the identities of the persons with respect to whose
liability the summons is issued) are not readily available from other sources. It is therefore

ORDERED AND ADJUDGED that the Internal Revenue Service, through Revenue
Agent Karen M. Warfel or any other authorized officer or agent, may serve an Internal Revenue
Service "John Doe" summons upon TecniCard, Inc. and its affiliates and subsidiaries to

substantially the form as attached to the Exhibits Appendix to the Declaration of Revenue Agent

Warfel at Tab 1. A copy of this Order shall be served together with the summons.

DONE AND ORDERED this _5_ day of _Aug._____, 2004.

_[signature]_
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Hemant Sharma
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Marcos Daniel Jimenez
United States Attorney
Southern District of Florida
99 N.E. 4th St.
Miami, FL 33132

TAB 27



# Summons

In the matter of  Tax Liability of John Does

Internal Revenue Service (Division):  Small Business/Self Employed Division

Industry/Area (name or number):  Area 15

Periods:  Years ending 12/31/1999, 12/31/2000, 12/31/2001, 12/31/2002, and 12/31/2003

## The Commissioner of Internal Revenue

**To:**  TecniCard, Inc.

**At:**  3191 Coral Way, Suite 800, Miami, Florida  33145

You are hereby summoned and required to appear before  Karen Warfel or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

2201 Cantu Court, Sarasota, FL  34232    Telephone:  (941) 378-5543

**Place and time for appearance at**  7850 S. W. 6th Court - 3rd Floor, Plantation, Florida 33324  Telephone: (954) 423-7012

**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ day of _____ , _____ at _____ o'clock _____ m.
                                                                                      *(year)*

**Issued under authority of the Internal Revenue Code this** _____ **day of** _____ , _____ .
                                                                                                      *(year)*

_____     Territory Manager
Signature of issuing officer                                    Title

_____     _____
Signature of approving officer *(if applicable)*              Title

**Original —** to be kept by IRS

<u>Attachment to "John Doe" Summons to TecniCard, Inc.</u>

1. All documents of TecniCard, Inc., its affiliates and subsidiaries (collectively "TECNICARD"), pertaining to MasterCard or VISA payment cards (including credit, charge, or debit cards) issued by, through, or for banks or other financial institutions in Belize and Grenada for the period January 1, 1999, through the date of compliance with this summons: (a) where any person or entity associated with the card account has or had an address or telephone number in the United States; (b) where such card or account had at least two (2) transactions, charges or purchases in the United States in each of three (3) different months during any six (6) month period between January 1, 1999, through the date of compliance with this summons; or (c) where the number of the account appears on the attached Schedule 2; including but not limited to the following records:

    1)    records of card transactions, including authorization and clearing transactions, processed by TECNICARD;

    2)    cardholder monthly or other periodic account statements;

    3)    account application, account general information, customer general information, relationship information, or other records reflecting cardholder identity and address information, information identifying persons with signature authority on the accounts, and information identifying account customer relationships;

    4)    account balance and history records;

    5)    correspondence;

    6)    security records; and

    7)    know your customer records.

This request includes cards issued by banks doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank (in any jurisdiction). For example, it includes cards issued by a bank in the United Kingdom (not a listed jurisdiction) on behalf of a bank in Belize (a listed jurisdiction). It also includes cards issued by banks in the listed jurisdictions on behalf of another bank (from any jurisdiction).

This request does not include card accounts listed on the attached Schedule 1.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

    a.    For each card, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated and processed by a computer.

b.    For each card, please provide separate files for the Authorization System and the Clearing System.

c.    Please produce a single extract record of each Authorization and/or Clearing record processed in connection with each credit card.

d.    Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

e.    The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

2. For the purpose of this summons, the word "documents" refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

A)    Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

B)    Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

C)    Copies of any software necessary to process or retrieve the data summoned, plus all manuals or similar documents related to the use of such software.

3. For the purpose of this summons, "authorization" means the process by which a credit card issuer approves (or declines) a transaction at the point of sale, and "clearing" means the process by which TECNICARD collects data about a transaction from the Acquirer financial institution and delivers it to the credit card issuer.

4. For the purpose of this summons, you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody, or control, or otherwise accessible or available to you either directly or through other entities.

TAB 28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

7237

Civil Action No. _____

# 04 - F - 1548 (OES)

IN THE MATTER OF THE TAX LIABILITIES OF:

JOHN DOES, United States taxpayers who, during the
years ended December 31, 1999 through December 31,
2003, had signature authority over American Express,
MasterCard, or VISA payment cards issued by, through,
or on behalf of banks or other financial institutions in
Anguilla, Antigua and Barbuda, Aruba, Bahamas,
Belize, Bermuda, British Virgin Islands, Cayman
Islands, Cook Islands, Cyprus, Dominica, Gibraltar,
Grenada, Guernsey/Sark/Alderney, Hong Kong, Isle of
Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta,
Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts
and Nevis, St. Lucia, St. Vincent and the Grenadines,
Singapore, Switzerland, Turks and Caicos, and Vanuatu

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2004

GREGORY C. LANGHAM
_____ CLERK

## ORDER

THIS MATTER is before the Court upon the United States of America's *EX PARTE*

PETITION FOR LEAVE TO SERVE JOHN DOE SUMMONS. Based upon a review of the

PETITION and exhibits thereto, the Court has determined that the "John Doe" summons to

be issued by the Internal Revenue Service to First Data Corporation and its affiliates and

subsidiaries relates to the investigation of an ascertainable group or class of persons, that

there is a reasonable basis for believing that such group or class of persons may fail or

may have failed to comply with any provision of any internal revenue law, and that the

information sought to be obtained from the examination of the records or testimony (and

the identities of the persons with respect to whose liability the summons is issued) are not readily available from other sources. It is therefore –

ORDERED AND ADJUDGED that the Internal Revenue Service, through Revenue Agent Karen M. Warfel or any other authorized officer or agent, may serve an Internal Revenue Service "John Doe" summons upon First Data Corporation and its affiliates and subsidiaries in substantially the form as attached to the Exhibits Appendix to the Declaration of Revenue Agent Warfel at Tab 1. A copy of this Order shall be served together with the summons.

DONE AND ORDERED this __2d__ day of __August__, 2004.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Norma J. Schrock
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

John W. Suthers
United States Attorney
District of Colorado
1225 17th Street
Suite 700
Denver, Colorado 80202

Declaration of Karen M. Warfel

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE**

Case No. 04-F-1548 (OES)

The undersigned certifies that a copy of the foregoing **Order** was served on
August ___2___, 2004, by:

(X)     delivery to:

Magistrate Judge O. Edward Schlatter

John W. Suthers
U.S. Attorney
**USDC Box 28**

()     e-mail to:

()     facsimile to:

(X)     depositing the same in the U.S. Mail, postage prepaid, addressed to:

Norma J. Schrock
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Wahington, D.C.  20044

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk/Secretary

TAB 29

 # Summons

In the matter of  Tax Liability of John Does

Internal Revenue Service (Division):  Small Business/Self Employed Division

Industry/Area (name or number):  Area 15

Periods:  Years ending 12/31/1999, 12/31/2000, 12/31/2001, 12/31/2002, and 12/31/2003

## The Commissioner of Internal Revenue

**To:** First Data Corporation

**At:** 6200 South Quebec Street, Greenwood Village, CO  80111

You are hereby summoned and required to appear before  Karen Warfel or Designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attachment

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

2201 Cantu Court, Sarasota, FL  34232    Telephone:  (248) 848-8579

**Place and time for appearance at**  IRS, 600 17th Street, Denver, CO  80202-2490; Telephone: (303) 446-1261

# IRS

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ day of _____ , _____ at _____ o'clock _____ m.
*(year)*

**Issued under authority of the Internal Revenue Code this** _____ **day of** _____ , _____ .
*(year)*

_____          Territory Manager
Signature of issuing officer                              Title

_____          _____
Signature of approving officer *(if applicable)*          Title

**Original** — to be kept by IRS

Attachment to "John Doe" Summons to First Data Corporation

1.  A list of banks or other financial institutions that
issued MasterCard, VISA, or American Express payment cards
(including credit, charge, or debit cards) in Anguilla, Antigua
and Barbuda, Aruba, Bahamas, Belize, Bermuda, British Virgin
Islands, Cayman Islands, Cook Islands, Cyprus, Dominica,
Gibraltar, Grenada, Guernsey/Sark/Alderney, Hong Kong, Isle of
Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta, Mexico,
Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts and Nevis,
St. Lucia, St. Vincent and the Grenadines, Singapore, Singapore,
Switzerland, Turks and Caicos, and Vanuatu, and for which First
Data Corporation, its affiliates and subsidiaries (collectively
First Data) was the third-party processor such payment at any
time during the period January 1, 1999, through December 31,
2003.

2.  All documents of First Data pertaining to MasterCard,
VISA, or American Express payment cards (including credit,
charge, or debit cards) issued by, through, or for banks or other
financial institutions in Anguilla, Antigua and Barbuda, Aruba,
Bahamas, Belize, Bermuda, British Virgin Islands, Cayman Islands,
Cook Islands, Cyprus, Dominica, Gibraltar, Grenada,
Guernsey/Sark/Alderney, Hong Kong, Isle of Man, Jersey, Latvia,
Liechtenstein, Luxembourg, Malta, Mexico, Nauru, Netherlands
Antilles, Panama, Samoa, St. Kitts, Nevis, St. Lucia, St. Vincent
and the Grenadines, Singapore, Singapore, Switzerland, Turks and
Caicos, and Vanuatu, for the period January 1, 1999, through the
date of compliance with this summons: (a) where any person or
entity associated with the card account has or had an address or
telephone number in the United States; (b) where such card or
account had at least two (2) transactions, charges or purchases
in the United States in each of three (3) different months during
any six (6) month period between January 1, 1999, and December
31, 2003; or (c) where the number of the account appears on a
schedule of card numbers to be provided to you upon the
identification of First Data's client issuing banks under
paragraph 1 above; including but not limited to the following
records:

    1)  records of card transactions, including authorization
        and clearing transactions, processed by First Data;

    2)  cardholder monthly or other periodic account
        statements;

    3)  account application, account general information,
        customer general information, relationship information,
        or other records reflecting cardholder identity and
        address information, information identifying persons
        with signature authority on the accounts, and

information identifying account customer relationships;

4)    account balance and history records;

5)    correspondence;

6)    security records; and

7)    know your customer records.

This request includes cards issued by banks doing business in the listed jurisdictions, whether directly (in any jurisdiction) or through another bank (in any jurisdiction).  For example, it includes cards issued by a bank in the United Kingdom (not a listed jurisdiction) on behalf of a bank in Jersey (a listed jurisdiction).  It also includes cards issued by banks in the listed jurisdictions on behalf of another bank (from any jurisdiction).

This request does not include card accounts listed on the attached Schedule 1.

To the extent the transactional data is stored on computer media, please provide a copy of the database with respect to the specified cards according to the following criteria:

a.    For each card, please provide the data in a "flat file" machine-sensible format, meaning a fixed length, sequential extract file capable of being electronically retrieved, manipulated and processed by a computer.

b.    For each card, please provide separate files for the Authorization System and the Clearing System.

c.    Please produce a single extract record of each Authorization and/or Clearing record processed in connection with each credit card.

d.    Please include any and all data or information that is contained within any field on the transactional record (i.e. where there is data in a field, the data should be copied exactly as it appears in the original record; where there is no data in a field, the extract record field should contain blanks).

e.    The files should be provided in EBCDIC text format on CD or standard labeled magnetic tape cartridge (3480, 3490, or 3490E) together with a record layout and record count for each file.

3.    For the purpose of this summons, the word "documents"

refers to any written, printed, typed, graphically, visually or aurally reproduced materials of any kind or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to:

A) Contracts, agreements, plans, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, and electronic mail; and

B) Video and/or audio tapes, cassettes, films, microfilm, computer discs and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form; and

C) Copies of any software necessary to process or retrieve the data summoned, plus all manuals or similar documents related to the use of such software.

4. For the purpose of this summons, "authorization" means the process by which a credit card issuer approves (or declines) a transaction at the point of sale, and "clearing" means the process by which First Data collects data about a transaction from the Acquirer financial institution and delivers it to the credit card issuer.

5. For the purpose of this summons, you are required to produce all documents described in this attachment, whether located in the United States or otherwise, that are in your possession, custody, or control, or otherwise accessible or available to you either directly or through other entities.