IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. C 05-04167 JW |
|       Petitioner,<br>v. | **ORDER RE: PETITION FOR LEAVE TO SERVE "JOHN DOE" SUMMONS** |
| In the Matter of Tax Liabilities of: John Does et al., | |
|       Respondents. | |

On October 14, 2005, the United States of America filed an Ex Parte Petition for Leave to Serve "John Doe" Summons pursuant to 26 U. S. C. § 7609(f).

A John Doe summons may be issued only after the Internal Revenue Service ("IRS") has established in an ex parte proceeding that the persons under investigation may have failed to comply with the tax laws. Specifically, title 26 U. S. C. § 7609(f) provides the IRS must establish that:

1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

Congress enacted Section 7609(f) to preclude the IRS from using John Doe summonses to engage in "fishing expeditions." See U.S. v. Samuels, Kramer and Company, et al., 712 F.2d 1342, 1346 (9th Cir. 1983).

It appears from the Declaration of Barbara Kallenberg that from August of 2002 through August of 2004, Petitioner obtained leave of court to serve John Doe summonses on Visa, Mastercard, and American Express, as well as various merchants and third party processors. Thus, by now Petitioner should be able to provide more specific information to the Court with regard to what percentage of U.S. taxpayers with Offshore Accounts are failing to comply with U.S. internal revenue laws. Further, having served numerous John Doe summonses for the past three years aimed at identifying U.S. taxpayers who have Offshore Accounts, the IRS is now in a position to provide the Court with more specific information regarding the likelihood that a U.S. taxpayer with an Offshore Account may fail, or may have failed, to comply with tax laws.

In light of the enormous amount of information regarding Offshore Account holders the IRS apparently now has, reference to just eight individuals who violated tax laws and general information about the use of Offshore banks in various periodicals is insufficient to show that the requested summons is not a fishing expedition. Moreover, one of the articles quoted by Petitioner indicates that Offshore Accounts are sometimes used for purposes other than tax evasion, such as to shield assets from creditors. (See Declaration of Barbara Kallenberg at 9:120-14.) Without more information about the percentage of U.S. taxpayers who have used their Offshore Accounts not to avoid complying with U.S. tax laws, but instead to conceal assets from creditors while still accurately reporting to the IRS, the Court cannot assess whether the requested summons is an inappropriate expedition.

Accordingly, no later than **January 23, 2006**, Petitioner shall file a supplemental declaration attaching copies of Schedules A and B to the proposed form of summons, and explaining why the IRS believes the account numbers and card numbers listed in Schedule A belong to U.S. taxpayers. Petitioner shall file the supplemental declaration UNDER SEAL pursuant to this Order. The proposed form of the summons is incomplete without the schedules and supporting documentation.

//

In addition, no later than **January 30, 2006**, Petitioner shall file a supplemental brief and supporting declaration showing the number and percentage of U.S. taxpayers with Offshore Accounts (accounts from countries listed in Petitioner's motion) that it has previously identify through John Doe summonses have been determined to have failed to comply with any U.S. internal revenue law. The supplemental brief and supporting declaration shall provide the numbers and percentages on a country by country basis.

These additional supplemental briefs will help the Court make an inform decision and avoid unnecessary challenges to the summonses as mere fishing expeditions.

Dated: December 19, 2005

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anton Leo Janik anton.l.janik@usdoj.gov
Cynthia Lewis Stier cynthia.stier@usdoj.gov
Jay R. Weill jay.weill@usdoj.gov

**Dated: December 19, 2005**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
     **Ronald L. Davis**
     **Courtroom Deputy**