IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. C 05-04167 JW |
| Petitioner, | **ORDER GRANTING LEAVE TO SERVE "JOHN DOE" SUMMONS** |
| v. | |
| In the Matter of Tax Liabilities of: John Does et al., | |
| Respondents. | |

## I. INTRODUCTION

On October 14, 2005, the United States of America ("Petitioner") filed an Ex Parte Petition for Leave to Serve "John Doe" Summons upon PayPal, Inc. and its affiliates and subsidiaries ("PayPal"), pursuant to 26 U. S. C. § 7609(f). On December 19, 2005, the Court requested supplemental briefs from Petitioner, which were provided to the Court on January 30, 2006. Based on all of the documents presented, the Court GRANTS Petitioner's Leave to Serve "John Doe" Summons.

## II. BACKGROUND

The Internal Revenue Service is conducting an investigation to determine the correct federal income tax liabilities of U.S. taxpayers who had signature authority over bank accounts or over MasterCard, VISA, or American Express cards issued by, through, or on behalf of banks or other financial institutions in certain offshore jurisdictions. The foreign countries specified in this suit

have bank secrecy laws which permit account holders to avoid disclosing income and assets subject to federal income taxes in the United States. (Memorandum in Supp. of *Ex Parte* Petition for Leave to Serve "John Doe" Summons, hereinafter "Memorandum," Docket Item No. 5, 3:5-11.)

As part of its investigation, the Internal Revenue Service seeks to serve a "John Doe" summons to PayPal, an internet-based money transfer service often used to pay for goods ordered over the internet. PayPal allows for easy transfer of money between persons with an e-mail address and bank account or MasterCard, VISA, or American Express. To transfer money, a user must register a PayPal account by providing certain identifying information for existing bank accounts and credit cards, as well as the destination of funds received in the PayPal account. This structure of PayPal's money transfer system allows users to avoid traditional banking methods such as a bank-initiated wire transfer, thereby evading the required payments of federal taxes on those monies held in foreign bank accounts. (Memorandum at 3-4.)

### III. DISCUSSION

A "John Doe" summons may be issued by the Internal Revenue Service ("IRS") only after establishing through an ex parte proceeding that the persons under investigation may have failed to comply with the tax laws. Specifically, Title 26 U. S. C. § 7609(f) provides the IRS must establish that:

1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

Petitioner filed an Ex Parte Petition for Leave to Serve "John Doe" Summons upon PayPal, contending that the summons relates to the investigation of an ascertainable group or class of persons; there is a reasonable basis for believing that such group of persons may have failed to comply with any provision of any internal revenue law; and the information sought is not readily available from other sources, but is available from PayPal. (Memorandum at 7.)

2

**A.     Relation of the summons to an ascertainable group or class of persons.**

Petitioner contends that the "John Doe" summons at issue here relates to the investigation of an ascertainable group or class of persons. (Memorandum at 7.)   Where the identities of taxpayers are yet unknown, no greater specificity can be required in defining the class of persons. United States v. Bisceglia, 420 U.S. 141, 150 (1976).  The summons in this case requires Paypal to provide account and transaction records relating to U.S. taxpayers who, during the years ended December 31, 1999 through December 31, 2004, had signature authority over bank accounts or over MasterCard, VISA, or American Express cards issued by, through, or on behalf of banks or other financial institutions in certain offshore jurisdictions.[1]  (Memorandum at 7-8.)

The summons also requires PayPal to provide records related to certain payment card numbers obtained from the previous "John Doe" summonses issued for VISA and MasterCard, but for which the cardholder names have not yet been identified.  The scope of the summons is narrowed to exclude all cardholders previously identified by the Internal Revenue Service as a result of the earlier "John Doe" summonses. (Memorandum at 7-8.)  The Court finds that the PayPal summons sufficiently relates to the investigation of an ascertainable group or class of persons because the summons seeks information regarding activities by U.S. taxpayers during a specific time period, regarding either bank accounts or certain credit cards in designated jurisdictions.

**B.     Reasonable basis for believing such group or class of persons failed to comply with Internal Revenue laws.**

Petitioner contends there is a reasonable basis for believing that such group or class of persons may fail, or may have failed, to comply with one or more provisions of internal revenue laws.  (Memorandum at 9.)  Citing various periodicals, Petitioner provided general information

---

[1] These jurisdictions are Anguilla, Antigua and Barbuda, Aruba, Bahamas, Barbados, Belize, Bermuda, British Virgin Islands, Cayman Islands, Cook Islands, Costa Rica, Cyprus, Dominica, Gibraltar, Grenada, Guernsey/Sark/Alderney, Hong Kong, Isle of Man, Jersey, Latvia, Liechtenstein, Luxembourg, Malta, Nauru, Netherlands Antilles, Panama, Samoa, St. Kitts and Nevis, St. Lucia, St. Vincent and the Grenadines, Singapore, Switzerland, Turks and Caicos, and Vanuatu.

3

about the use of offshore banks for purposes of tax evasion. (Memorandum at 9-12.) Congress enacted Section 7609(f) to preclude the IRS from using "John Doe" summonses to engage in "fishing expeditions." See U.S. v. Samuels, Kramer and Company, et al., 712 F.2d 1342, 1346 (9th Cir. 1983). Thus, at the Court's request, Petitioner provided more specific information regarding the likelihood that a U.S. taxpayer with an offshore account may fail, or may have failed, to comply with tax laws. (Second Declaration of Barbara Kallenberg, hereinafter "Second Declaration," Docket Item No. 13.)

Through the Second Declaration of Barbara Kallenberg, Petitioner indicated that it is unaware of any cases in which a U.S. taxpayer has used an offshore account only to conceal assets from creditors. Rather, based on experience, such taxpayer's use of offshore accounts was also an attempt to evade taxes. (Second Declaration at ¶ 4.) Additionally, Petitioner explained that the information it obtained through the John Doe summonses previously served upon MasterCard, VISA, and third parties, provides the basis for its belief that U.S. taxpayers are the owners of or have signatory authority over the account numbers and card numbers listed in Schedule A of its proposed summons. (Second Declaration at ¶ 5; United States' Supplemental Brief in Response to December 19, 2005 Order, Docket Item No. 12, 4:1-17.)

Although Petitioner lacked the statistics to provide the number and percentage of U.S. taxpayers with offshore accounts that it has previously identified through John Doe summonses as having failed to comply with U.S. internal revenue laws, Petitioner did state that approximately 72% of the Offshore Credit Card Project examinations completed within the 2005 fiscal year disclosed underpayment of tax associated with the use of offshore payment cards and bank accounts. (Second Declaration at ¶ 7.) Furthermore, Petitioner clarified its original reference to the prosecution of eight individuals who violated tax laws. Petitioner now states that those eight cases do not represent the entirety of such prosecutions or convictions, and were a mere illustration of the use of offshore payment cards and bank accounts for tax evasion. (Second Declaration at ¶ 9.) These declarations suggest that information gathered through this "John Doe" summons would produce results similar to the other successful investigations conducted by Petitioner, and thus the requested summons is not

4

an inappropriate fishing expedition. Accordingly, the Court finds that the information provided is sufficient to show Petitioner's reasonable basis for believing that the specified group of persons may fail or may have failed to comply with any provision of internal revenue laws.

**C.**   **Availability of information from other sources.**

Petitioner contends that the information sought to be obtained from the examination of the records or testimony (and the identity of the persons with respect to whose tax liabilities the summonses have been issued) is not readily available from other sources, but is available only from PayPal. (Memorandum at 13.)

Persons in the "John Doe" class are unknown to the Internal Revenue Service because an inspection of a person's tax return is not likely to reveal misstatements of income related to foreign bank account transactions. Further, the names of persons in this class cannot be obtained due to the financial privacy protections that the specified foreign jurisdictions provide. Since MasterCard, VISA, and American Express license some foreign banks to issue their cards, rather than issuing the cards directly, they do not maintain identifying information on the cardholders. On the other hand, PayPal would be able to provide detailed information on this class of persons, including the identity of taxpayers and other information relevant to the Internal Revenue Service's investigation, using the data gathered by PayPal when these taxpayers registered an online PayPal account. (Memorandum at 13-14.) The Court finds that service of the "John Doe" summons upon PayPal would be appropriate because the information sought is unavailable from other sources but is accessible through PayPal.

**IV.  CONCLUSION**

The Court finds that Petitioner has satisfied the requirements of Title 26 U. S. C. § 7609(f). Accordingly, the Court GRANTS Petitioner's Leave to Serve "John Doe" Summons. The summons shall be in substantially the form as that attached to the Exhibits Appendix to the Declaration of Revenue Agent Kallenberg at Tab 1.

Dated: February 21, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anton Leo Janik anton.l.janik@usdoj.gov
Cynthia Lewis Stier cynthia.stier@usdoj.gov
Jay R. Weill jay.weill@usdoj.gov

**Dated: February 21, 2006**          **Richard W. Wieking, Clerk**

                                                  **By:  /s/ JW Chambers**
                                                       **Melissa Peralta**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California